LOUIS J. BEDFORD v. DANIEL J. PENNY.

*Good faith of purchaser—Recital of facts in request to charge—Knowledge
and fraudulent intent—Abuses of trial.*

1. Where the good faith of one who buys a stock of goods is in question
   in a contest between himself and an officer who has taken them
   under an attachment, the purchaser may properly testify that he
   bought them in good faith for what he considered a full consideration
   and with no other purpose than to get the stock at a fair price.

2. A request to charge which begins with a recital of facts as undisputed
   and closes with several propositions which the court is expected to
   charge "upon these undisputed facts" must be considered a single
   request; and if any part of the statement of facts is incorrect the
   whole request must fail and the judge is right in refusing to give it.
   Nor can he declare a given state of facts as to which there is any
   contest without usurping the province of the jury.

3. Actual participation by a purchaser in the fraudulent intent with
   which one makes a sale to defraud his creditors is not a necessary
   condition to its avoidance; if the purchaser is not a creditor it is
   enough that he knows what would put a prudent man upon inquiry
   as to the motive of the sale.

4. Where counsel, in summing up, appeal to a jury's prejudice against
   non-residents and make injurious remarks not justified by evidence,
   and exception is taken to this conduct, it is error if the trial judge
   omits to stop it and counteract its effect. So *held* where counsel
   said that attaching creditors adversely interested were hogs and
   wanted to gobble up all the property.

Error to St. Clair. (Stevens, J.)  Oct. 29.—Nov. 11.

REPLEVIN. Defendant brings error. Reversed.

*Chadwick & Wood* for appellant.

*Stevenson & Phillips* for appellee.

MORSE, C. J.  July 8, 1884, F. E. Starkweather & Co.,
who were engaged in the hardware trade at Port Huron,
Michigan, sold their stock to the plaintiff. Pratt & Co.,
creditors of Starkweather & Co., attached the goods in ques-
tion in this suit as the property of Starkweather & Co.,

claiming the sale to plaintiff to be fraudulent, as being made with the intent to hinder, delay or defraud their creditors in the collection of their debts. The plaintiff brought replevin for the property against the defendant who held it as deputy sheriff of St. Clair county under the attachment aforesaid. Plaintiff, previous to the sale of the goods and accounts of the Starkweather firm to him, had been a clerk in their store for about eight months, was familiar with the books, and knew the actual financial condition of the firm at the time of the sale. The firm was composed of Fred. E. Starkweather, William Curtis, and Benjamin Hillier. Curtis and Hillier attended to other business, and left the entire management of the firm matters to Starkweather. The business, under his management, did not prosper, and getting involved to a large extent, a week or ten days before the sale to plaintiff, Starkweather saw Curtis and Hillier, and explained to them the situation of affairs, and they, acting upon his statement, made the sale to plaintiff, asking Starkweather to sign the bill of sale, which he did without knowing the terms and conditions of the transfer. The theory of defendant upon the trial was that plaintiff, being a clerk of the firm, and knowing the shape of their affairs, had such knowledge of their financial embarrassment, that if the sale on their part was fraudulent as against their creditors, it was also fraudulent on the part of the plaintiff, he having sufficient knowledge of their intention to make the sale void, although he did not actually participate in the fraud. It was also claimed that the circumstances of the condition of the firm and their sale to plaintiff evidenced a fraudulent intent on the part of Starkweather & Co. against the rights of their creditors. The judgment in the court below was in favor of plaintiff, who claimed that the sale was in perfect good faith on his part. Error is assigned in that the plaintiff as a witness in his own behalf was allowed to state that he judged the stock to be worth $4000 at the time he purchased ; that he had no other purpose or intention than to acquire the stock at a fair price ; that he bought it and the accounts in good faith and at what he considered a fair and full consideration. We see no ob-

jection to this testimony. It was competent on the question of his good faith, which was directly in issue under former decisions of this Court.

.At the close of the evidence the defendant's counsel prepared and presented to the court a statement of the facts which he claimed were undisputed in the case (such statement being of considerable length), and followed it with this clause, "upon these undisputed facts I charge you." After this came six propositions of law as applied to such facts. This method of presenting his points of law to the circuit judge was such that it became necessarily a single request to instruct the jury; and if in any way the statement of facts as presented was not correct, the whole of the instructions asked would fall with it. We do not think the circuit judge under the testimony in the case would have been justified in finding the facts as presented to him by defendant's counsel, as he would have been usurping the province of the jury in so doing in relation to one or two points at least. Therefore there was no error in refusing the requests of the defendant's counsel. Upon the question of fraudulent intent the court instructed the jury as follows:

"And you are instructed that it is the law that every conveyance of property that is made with the intent of hindering, delaying or defrauding creditors, as against persons hindered, delayed or defrauded, is void; but in order to constitute a sale fraudulent when it is shown that the party purchasing has parted with a valuable consideration, it is essential that it further should be made to appear that the person disposed of his property intending to defraud his creditors or to hinder or delay them in the collection of their debts; but in addition to this it must also be established that the one acquiring title has participated in such intention; further, notwithstanding it may have been shown that the plaintiff has parted with an adequate consideration for the goods in question, if it has been shown that he intended to hinder, delay or defraud the creditors of Starkweather & Co., the sale to him would be void as to such creditors, notwithstanding payment of such consideration. It is a question for you to determine from the evidence whether or not Starkweather & Co., in disposing of this stock, intended to defraud their creditors, and if so, did the plaintiff know the

purpose of such sale, and did he purchase with such knowledge, with the purpose of aiding such fraudulent intent, and if you are satisfied from the evidence that the sale was made from the firm of Starkweather & Co. to the plaintiff for the purpose of hindering, delaying or defrauding their creditors, and if you believe that the plaintiff knew of such design, and bought the goods in order to aid and assist them in carrying out such fraudulent object, the sale would be void as to the defendant's claim under the attachment in favor of Pratt & Co. and such should be your verdict, and this should be so, notwithstanding the plaintiff may have parted with his money or may be liable upon obligations still outstanding against him. Whether or not the firm of Starkweather & Co. disposed of the stock in question with the intent to defraud their creditors, and whether or not the plaintiff may or may not have participated in such fraudulent intent, if such intent has been shown, must be determined by you from the facts and circumstances that have been introduced in evidence; and if such facts and circumstances have been established so as to satisfy you that the plaintiff, as a reasonably prudent man, must have understood that the act of Starkweather & Co. in diposing of the stock to him was to hinder, delay, or defraud their creditors,—he should be held responsible for such knowledge and fraudulent intent, nothwithstanding the plaintiff may insist that he had no such object or purpose.

Now, gentlemen, in view of what has been said, if such be your conclusion that the sale from Starkweather & Co. to the plaintiff was made for the purpose of hindering, delaying, or defrauding their creditors, and that plaintiff knew or had good reason to know of such intent at the time of purchasing property, your verdict will be for the defendant, and in that event you should find that the defendant had a special lien on the property in question to the amount of the judgment of Pratt & Co., and the costs, in all $1763.75, and interest from the date of the rendition of such judgment.

If, on the other hand, it shall be your conclusion that the stock was sold to the plaintiff in good faith, without any fraudulent intent, or plaintiff didn't participate in any fraudulent intent that may have been shown on the part of Starkweather & Co., your verdict should be for the plaintiff."

To which defendant's counsel excepted, and now claims that it was not a proper charge to the jury, as it in effect

gave the jury to understand that the plaintiff must actually participate in the fraud in order to vitiate the sale. It seems to us that the charge was not so clear as it should have been, and might have misled the jury. Although the court does say in one part of the instructions that if the facts and circumstances "were such as to satisfy them that the plaintiff, as a reasonably prudent man, must have understood that the act of Starkweather & Co., in disposing of the stock to him, was to hinder, delay or defraud their creditors, he should be held responsible for such knowledge and fraudulent intent, notwithstanding he may insist that he had no such object or purpose," yet the whole tenor seems to be that in order to make the sale void as to him he must have *participated* in the fraudulent intent. Plaintiff was not a creditor of the firm, but a purchaser, and the court should have clearly pointed out the distinction, and given the jury to understand, in unmistakable language, that knowledge on the part of plaintiff of facts sufficient to put an ordinarily prudent man on inquiry is all that is required, and that participation in the fraud was not necessary. *Willey v. Snyder* 34 Mich. 60; *Hough v. Dickinson* ante p. 89.

Another error is manifest in the permitting of the counsel for the plaintiff in his argument to the jury to go outside of the evidence in the cause and appeal to the prejudices of a jury against non-residents. Great latitude must necessarily be allowed counsel in argument as to illustration and amplification in dwelling upon the facts, and much can be excused in the counsel for the zeal and excitement of speech in his client's behalf. But the circuit judge is supposed to be wanting in this zeal and excitement, and when his attention is called, as it was repeatedly in this cause, to unauthorized and uncalled for statements by counsel in summing up, he should at once take all proper efforts to stop any further abuse, and to correct, if possible, the injury already done. In this case it appears he did neither. We think the statements made by the plaintiff's counsel to the jury that Starkweather & Co. turned every cent over to their creditors, and invited them from all over the county to come

to Port Huron, and that Pratt & Co. were hogs in attempting to secure their claim, and wanted to gobble all there was of the property, as unwarranted by the testimony, and should not have been allowed without some rebuke to him, or some explanation to the jury, upon the part of the court. It is the duty of the circuit judge to see to it that both plaintiff and defendant have a trial of their rights as free from bias and prejudice as possible.

In omitting to stop counsel, and in neglecting to counteract the effect of the evil caused by his remarks, after exception taken by defendant's counsel, the court erred. A new trial must be granted, and the judgment of the court below

Reversed with costs.

The other Justices concurred.