CURTIS *v.* CLARKE.

VENDOR'S LIEN—SUCCESSION—WAIVER.

> A wife, as executrix and sole legatee of her deceased husband, may enforce a vendor's lien upon real estate conveyed by him in his lifetime, although she has, for convenience, exchanged the notes originally given to him for the purchase price for new notes of like date and amount, payable to herself.

Appeal from Lenawee; Lane, J. Submitted June 9, 1897. Decided June 28, 1897.

Bill by Frances A. Curtis, as executrix of the last will and testament of George Curtis, deceased, against Helen J. Clarke, to enforce a vendor's lien. From a decree for complainant, defendant appeals. Affirmed.

*Watts, Bean & Smith,* for complainant.

*James W. Wightman ( Lester H. Salsbury,* of counsel), for defendant.

MOORE, J. Complainant filed a bill in chancery, asking that a vendor's lien might be decreed against certain real estate for the purchase price thereof. A decree was granted as prayed. Defendant appeals.

The testimony is conflicting, but we think it is established, by a clear preponderance of the evidence, that the real estate in controversy was, in June, 1886, deeded by the complainant and her husband to the defendant and

her husband. At the same time, and as a part of the same transaction, the defendant and her husband gave their notes for the full amount of the purchase price. Mr. Curtis, soon after this, died, leaving a last will and testament, in which he made his wife his sole legatee. Soon after the death of Mr. Curtis, simply for her convenience, the notes which had been given by the defendant and her husband were surrendered, and notes of like number and amounts, but with Mrs. Curtis named as payee, were signed by Mrs. Clarke and her husband, and delivered to Mrs. Curtis. These notes were dated back, so as to bear the same date as the notes originally given. There were seven of these notes, each being for $100. Two of them have been paid. Mr. Clarke afterwards died. His widow failed to pay the notes, and declined to secure them upon the real estate conveyed, and this action was brought.

The title to the real estate is in Mrs. Clarke, placed there by the complainant and her husband. Mrs. Clarke has known from the commencement that Mr. Curtis was not paid for the real estate. Mrs. Curtis now, as executrix and legatee under the will, stands in the place which Mr. Curtis would occupy if he were living. There is nothing in the record to show that either Mr. Curtis or Mrs. Curtis has, either expressly or impliedly, waived or discharged the vendor's lien which equity gives the vendor of real estate for its purchase price. See *Carroll* v. *Van Rensselaer*, Har. Ch. 225; *Appeal of Palmer*, 1 Doug. (Mich.) 422; *Converse* v. *Blumrich*, 14 Mich. 124 (90 Am. Dec. 230); *Dunton* v. *Outhouse*, 64 Mich. 419; 1 Perry, Trusts, §§ 238, 239.

The decree is affirmed, with costs of both courts.

LONG, C. J., GRANT and MONTGOMERY, JJ., concurred. HOOKER, J., did not sit.