## LYON *v.* CLARK.

|129   381|
|s88ᴺᵂ1046|
|e132   522|
|129   381|
|137   439|

1. BANKRUPTCY — FRAUDULENT   CONVEYANCES — PREFERENCES —
KNOWLEDGE OF PURCHASER.
   The knowledge of a purchaser of a stock of goods from a
   partnership that the partners have personal liabilities, and
   that the firm is indebted, without knowledge that the partner-
   ship debts exceed its assets, is not sufficient, as a matter of
   law, to charge the purchaser with knowledge of the intention
   of the partners to make an unlawful preference within the
   bankruptcy act.

2. SAME—REMEDY OF TRUSTEE—TROVER.
   Under section 67e of the bankruptcy act, avoiding all transfers
   of property made by a bankrupt within four months prior
   to the filing of the petition in bankruptcy, with intent to
   defraud his creditors; and section 70, vesting the title to such
   property in the trustee as of the date of the adjudication in
   bankruptcy,—the trustee may maintain trover for property
   so transferred, where the transferee refuses to surrender it
   on demand.

3. SAME—ASSUMPSIT.
   But *assumpsit* will not lie in such case, unless the [property has
   been converted into money or money's worth.

Error to Clinton; Stone, J.    Submitted January 9, 1902.
Decided January 28, 1902.

*Assumpsit* by Willard C. Lyon, trustee of the estate of
Fred E. Hazle and Frank B. Clark, bankrupts, against
Nathaniel J. Clark, to recover the value of goods alleged
to have been fraudulently conveyed.    From a judgment
for plaintiff on verdict directed by the court, defendant
brings error.    Reversed.

*High & Everett* ( *Spaulding, Norton & Dooling*, of
counsel ), for appellant.

*Almond G. Shepard* and *Edwin H. Lyon*, for appel-
lee.

MONTGOMERY, J.   Plaintiff is the trustee in bankruptcy of the estate of Fred E. Hazle and Frank B. Clark, and brings this action in *assumpsit* to recover the value of a stock of goods alleged to have been transferred by the bankrupts to defendant within four months prior to the institution of the proceedings in bankruptcy.   The circuit judge directed a verdict in favor of the plaintiff for the value of the goods.   The defendant brings error.   Two important questions are presented:   *First,* whether the case was a proper one to withdraw from the jury; and, *second,* whether *assumpsit* would lie for the goods, under the circumstances of this case.

1. It cannot be denied that the circumstances made a very strong *prima facie* case in favor of the plaintiff.   It appears that Hazle and Clark embarked in business in 1894; that the defendant is the father of Frank B. Clark; and that he advanced him $1,500 to put into the business, which was known by defendant to be all the capital which Frank B. Clark contributed to the firm.   It also appears that Hazle borrowed his capital, and that Mr. Clark, the defendant, understood that fact.   It appears that the parties continued in business until September 6, 1898, when, after taking an inventory, they approached defendant, and proposed to sell to him their stock; that defendant examined the inventory, which footed up something like $7,000, and made them an offer of $5,000; that, after very little delay or bargaining, this offer was accepted, and the transfer was made by bill of sale, running, not to defendant, but to his brother-in-law, Winslow M. Lamb, a gentleman residing in New Haven, Conn., and who had no previous knowledge whatever of the proposed transfer, although defendant contends that he had general authority to buy property in Mr. Lamb's behalf.   It further appears, very satisfactorily, that Hazle & Clark, at the time of making this transfer, had the purpose in mind of paying the local debts of the firm—that is, debts owing to residents of Ovid—in full, and of applying the balance in paying their remaining creditors *pro rata*.   It also appears that

defendant had his office in the store building of Hazle & Clark, and there was testimony which strongly tended to show that the defendant, Clark, knew of the purpose of Hazle & Clark to prefer certain of the creditors at the time he made the purchase.

The learned circuit judge evidently took the view that there was sufficient to put defendant upon inquiry as to the purpose of Hazle & Clark in making the sale. If such were the undisputed fact, we think the defendant could not maintain his claim of being a good-faith purchaser. See *Hough* v. *Dickinson*, 58 Mich. 89 (24 N. W. 809); *Bedford* v. *Penny*, 58 Mich. 424 (25 N. W. 381). It may be stated, further, that, if we were to decide this as a question of fact, we should hesitate to disturb the judgment. But a careful examination of the record, and of the testimony of Mr. Clark, the defendant, does not convince us that his testimony can be construed as admitting knowledge of any purpose to evade the law. On the contrary, his testimony tends to show that he did not know that the indebtedness of Hazle & Clark was in excess of the firm's assets. It is true that he knew that the members of the firm had personal liabilities, and this was a circumstance bearing upon the *bona fides* of the transaction. But had his understanding been that, although the members of the firm may have had personal liabilities, yet they intended to sell the firm assets and devote them to the proper purpose of paying the firm debts, we think that he would not have been chargeable with knowledge of any purpose to create an unlawful preference. Without reviewing at length the testimony, we feel constrained to say that there was a question for the jury.

2. Another question arises on the pleadings. Section 67*e* of the bankruptcy law of 1898 (55th Cong., sess. 2, chap. 541) provides as follows:

"All conveyances, transfers, assignments, or incumbrances of his property, or any part thereof, made or given by a person adjudged a bankrupt under the provisions of this act subsequent to the passage of this act, and

within four months prior to the filing of the petition, with the intent and purpose on his part to hinder, delay, or defraud his creditors, or any of them, shall be null and void as against the creditors of such debtor, except as to purchasers in good faith and for a present fair consideration; and all property of the debtor conveyed, transferred, assigned, or incumbered as aforesaid shall, if he be adjudged a bankrupt, and the same is not exempt from execution and liability for debts by the law of his domicile, be and remain a part of the assets and estate of the bankrupt, and shall pass to his said trustee, whose duty it shall be to recover and reclaim the same, by legal proceedings or otherwise, for the benefit of the creditors."

Section 70 provides that the trustee of the bankrupt shall be vested, upon his appointment and qualification, by operation of law, with the title of the bankrupt, as of the date when he was adjudged a bankrupt, to all property transferred by him in fraud of his creditors.

It is the contention of the defendant that, under these sections of the statute, trover could not be maintained by the plaintiff, for the reason that title had not vested in him at the time of the transfer. We do not think this position tenable. Under section 67*e*, the transfer was, in itself, null and void. Under section 70, title vested in the trustee, and, upon refusal to deliver up the property on demand, we think trover could be maintained.

But the present action is *assumpsit*, and it is further urged that, even though trover might have been proper, *assumpsit* will not lie to recover the value of property wrongfully converted, and which the tort feasor still retains in his possession. The rule in this State is well settled that, to entitle one to maintain *assumpsit* against a tort feasor who converts personal property to his own use, it must appear that the property has been converted into money or money's worth. This is upon the ground that the owner of the property has the right, at his election, to treat the tort feasor as his agent in making the sale, and to affirm the contract as made on his behalf, and sue for the proceeds as money had and received for the plaintiff's use. See *Watson* v. *Stever*, 25 Mich. 386. The only

class of cases in which the remedy has been extended is where the remedy has been extended by statute, as in case of trespasses on real property (3 Comp. Laws, § 11207), and in cases where the property of plaintiff has passed into possession of defendant by virtue of some contract relation between plaintiff and defendant. This case does not come within either of the last-named classes, and it would follow that, as to the property not transferred, the action of *assumpsit* is not the proper remedy.

For the errors pointed out, the judgment must be reversed, and a new trial ordered.

HOOKER, C. J., and MOORE, J., concurred. LONG and GRANT, JJ., did not sit.