### LYON *v.* CLARK.

1. Conspiracy to Defraud—Evidence.
   A conspiracy to defraud creditors will not be inferred from slight evidence.

2. Sale—Vendor's Lien.
   A vendor of land has a right to assert a lien upon the premises for the unpaid purchase price.

3. SAME—BANKRUPTCY—PRIORITY.
    A vendor's lien has priority over assignees in bankruptcy or a
    general assignee for the benefit of creditors.

4. SAME—WAIVER—NOTE FOR PURCHASE PRICE.
    The receipt of a note for the purchase price of land does not
    constitute a waiver of a vendor's lien.

Appeal from Clinton; Stone, J.  Submitted October 8,
1902.  (Docket No. 16.)   Decided March 30, 1903.

Bill by Willard C. Lyon, trustee in bankruptcy of the
estate of Fred E. Hazle and Frank B. Clark, against
Nathaniel J. Clark and Mary E. Clark, to set aside a deed.
From a decree for complainant, defendants appeal.  Re-
versed.

*Almond G. Shepard* and *Edwin H. Lyon,* for com-
plainant.

*High & Everett* ( *Norton & Dooling,* of counsel ), for
defendants.

MONTGOMERY, J.  Some of the facts in this case were
before the court in the case of *Lyon* v. *Clark,* 129 Mich.
381 (88 N. W. 1046).  The present case is, however, a
bill filed to set aside a transfer of other property, viz., a
store building, made by Frank B. Clark, one of the
bankrupts, to the defendant Nathaniel J. Clark, on Sep-
tember 5, 1898.  Two grounds are alleged :  *First,* that
the transfer was fraudulent; and, *second,* that it consti-
tuted an unlawful preference in violation of the bankrupt
act.

We are not able to discover any testimony in the record
justifying the finding that there was any fraud in fact in
the transfer of this property from the bankrupt to the
defendant.  That the transfer would, apart from the
question of a vendor's lien, which is asserted by the
defendant, have amounted to an unlawful preference, we
think there is much testimony to show, and the finding

of the circuit judge upon this point would be entirely justified. The question of importance, therefore, is whether the defendant had, as he asserts, a vendor's lien to the amount of the full value of the property transferred; for, if he had, nothing was withdrawn from the assets of the bankrupts, and the transfer could not have amounted to an unlawful preference.

Before considering the actual relations of the parties as between themselves, it may be well to refer to the claim, made by the complainant, that this property was deeded to the son with the express purpose of giving him a credit in order that he might buy goods on credit. This is asserted, and the statements of the defendant himself are relied upon by complainant to show this fact. We think no fair construction of his testimony justifies any such claim. On the contrary, on the page of the record referred to by complainant's counsel he distinctly denies any such purpose. The charge, in fact, is a charge of conspiracy entered into in advance for the purpose of defrauding creditors, and we think that the inference of such a conspiracy ought not to be drawn lightly, nor without a fair support of testimony, which we fail to discover in the record.

The case, then, must turn upon the question of whether, at the time of the conveyance to the son, the defendant Nathaniel J. Clark was entitléd to, and continued to be entitled to, assert a vendor's lien. This conveyance was made on the 11th day of July, 1895, at which date the son, Frank B. Clark, executed a promissory note covering this land and an additional $1,500 which he owed his father for advances. As to the circumstances under which this conveyance was made, the testimony of the defendant is as follows :

" *Q.* What arrangement did you make with him [Frank], if any, about paying you for it [the store building in question] ?
" *A.* Nothing, only took his note.
" *Q.* When was he to pay you for the building ?

"*A.* He was to pay me the note whenever I called on him to pay it. It was on demand. Whenever I saw fit or wanted that note, he was to pay it to me. That is the way it was.

"*Q.* What was there said between you about your having any lien on the property for your pay? Was there anything said about that?

"*A.* Nothing, only he was not to incumber the property any. I trusted that to him, that he must not incumber the property any; so that, if he did not pay the note, the understanding was I wanted him to deed back the property.

"*Q.* Why didn't you take back a mortgage for the amount of $3,000 on that property?

"*A.* Well, I trusted him to it as a son."

A vendor's lien has been frequently recognized in this State, and the rule which authorizes a vendor to assert a lien for the unpaid purchase price is clearly asserted in numerous cases (*Carroll* v. *Van Rensselaer*, Har. Ch. 225), the last case considered by this court being *Curtis* v. *Clarke*, 113 Mich. 458 (71 N. W. 845). The rule is also established by authority that a vendor's lien has priority over assignees in bankruptcy or insolvency, or a general assignee for the benefit of creditors. 1 Perry, Trusts, § 239. The only limitation on this rule is that, if the circumstances would indicate a purpose on the part of the vendor to waive his lien, it will not thereafter be enforced. We discover in this case no such evidence. The mere receipt of a note would not constitute a waiver of the lien. *Curtis* v. *Clarke*, *supra*. The testimony of the defendant does not show that there was any such purpose at the time the deed was made. It would appear from his testimony that it was distinctly agreed that the grantee was not to incumber the property, and it would appear that it was the grantor's understanding that, if the property was not paid for, he should deed it back. We think it should be held that the defendant had a vendor's lien upon this property, and as the lien was for the full purchase price, and which was as great as the value of the property at the time he reconveyed, the creditors of Frank B. Clark were

in no way damnified by this transfer, and are in no position to complain.

The decree of the court below will be reversed, and the bill dismissed, with costs of both courts.

HOOKER, C. J., MOORE and GRANT, JJ., concurred.