## LYON v. CLARK.

1. EQUITY—JURISDICTION—FRAUD—DISMISSAL OF BILL.
   A bill to set aside a conveyance of real estate, and avoid a transfer of personal property, though not sustained as to the land, and there is an adequate remedy at law as to the personalty, should not be dismissed on the merits, where the bill alleges that the property was obtained by fraud, through a conspiracy, and that an accounting is necessary.

2. SAME—BILL—MULTIFARIOUSNESS—WAIVER.
   An answer on the merits waives the defect of multifariousness in the bill.

Appeal from Clinton; Stone, J. Submitted June 17, 1904. (Docket No. 32.) Decided July 27, 1904.

Bill by Willard C. Lyon, trustee in bankruptcy of the estate of Fred E. Hazle and Frank B. Clark, against Nathaniel J. Clark to set aside certain conveyances as fraudulent. From a decree for complainant, defendant appeals. Affirmed.

*Almond G. Shepard* (*Lyon & Moinet*, of counsel), for complainant.

*Fred R. Everett* (*Norton & Dooling*, of counsel), for defendant.

HOOKER, J. Hazle and Frank Clark engaged in the shoe and furnishing trade at Ovid with a capital of $3,000, each having borrowed $1,500 on his personal paper. Clark was also owner of a store building, which he purchased from his father, Nathaniel Clark, the defendant in this case, on credit, of whom he also borrowed his share of the capital stock. Hazle and Clark became insolvent, and the store was sold back to the defendant for $3,000. He also purchased the stock of goods and fixtures and outstanding accounts, giving therefor a check for $5,000 upon the account of his brother-in-law, one Lamb, for whom he did business, and for whom he claims to have made the purchase.

Bankruptcy proceedings followed, in which Hazle and Frank Clark were declared bankrupts; Lyon, the complainant, being appointed trustee in bankruptcy. Finding insufficient property belonging to the bankrupts to pay their debts, he attacked the conveyances to this defendant by filing a bill to set aside the conveyance of the store, and bringing assumpsit to recover the value of the stock of goods, which had been sold or intermingled with other similar goods, so as to have become indistinguishable. Both cases came to this court. The assumpsit case is reported in 129 Mich. 381 (88 N. W. 1046), and it was held

that trover, and not assumpsit, was a proper form of action to reach the stock, upon the claim that title vested in the trustee under the bankruptcy act, if there was fraud in the transfer, and the plaintiff was for that reason defeated. The case involving the store is reported in 132 Mich. 521 (94 N. W. 4), and the validity of that transfer was sustained upon the merits, and we see no reason for saying that it was not a final adjudication of that question between the parties.

The original bill in the present cause was filed after the decision of the assumpsit case by this court, but a year or so before the disposition of the chancery cause. A demurrer clause in the answer to this bill, as subsequently amended, was interposed and overruled, and the case was afterwards heard upon the merits, upon full pleadings. The court sustained the validity of the conveyance of land, but found for the complainant as to the stock of goods, and the defendant has appealed.

Counsel for the defendant in their brief limit the questions raised to three, viz. :

" (1) Has a court of equity, under the facts and circumstances of this case, jurisdiction to hear, try, and determine the matters involved therein ?

" (2) Has the defendant waived his right to question the jurisdiction of the court ?

" (3) Is the defendant guilty of having violated the provisions of the national bankruptcy law ? "

1. Counsel for the defendant admit that, if the bill was in good faith filed to reach real estate as well as personal property, equity had jurisdiction; but that real estate was included merely for the purpose of giving jurisdiction, and in the face of a former conclusive decision regarding it, and that under such circumstances the bill should be dismissed upon the hearing of the merits, if, as is insisted, the question as to the personal property could as well have been settled in an action at law—i. e., trover. That question was tried upon the demurrer. We do not find it necessary to dismiss the bill for the reason that the bill

alleges that the property was obtained by fraud, through a conspiracy, and that an accounting is necessary. See *Edwards* v. *Investment Co.*, 132 Mich. 1 (92 N. W. 491). It is said that the bill is multifarious, but, if so, there is no impediment to a disposition of the case, in view of the fact that defendant answered. *Wales* v. *Newbould*, 9 Mich. 81; *Payne* v. *Avery*, 21 Mich. 537. This rule is also a sufficient reason for our conclusion upon the last preceding question.

2. The second question is practically disposed of by what has been said.

3. The third question relates to the merits. We concur in the opinion of the learned circuit judge upon this branch of the case. The subject has been before us twice, and, while we did not have occasion to decide the merits on the former hearing, that record appears to have created a similar impression upon our minds, and is reassuring as to the correctness of our conclusion upon this record.

We see no occasion to disturb the decree of the circuit court, and it is affirmed, with costs.

The other Justices concurred.