L. J. MUELLER FURNACE CO. *v.* WAYNE CIRCUIT JUDGE

1. MECHANICS' LIENS—LIEN LOST IF NOT ENFORCED WITHIN ONE YEAR.

Under 3 Comp. Laws 1915, § 14804, a mechanic's lien is lost unless proceedings to enforce it are commenced within one year after filing statement of account in the office of the register of deeds.

2. SAME—LIEN NOT SAVED BY PROCEEDINGS TO ENFORCE ANOTHER LIEN.

The filing of a bill by a lien claimant to enforce its lien did not have the effect of continuing in force the lien of another claimant, where it was not made a party defendant, although filed within one year, nor did the amending of the bill of complaint and filing of an answer and cross-bill (section 14805) by it after the lapse of one year continue said lien in force.

3. SAME — CROSS-BILL PROPERLY DISMISSED WHERE NOT FILED WITHIN ONE YEAR—WAIVER—PLEADING.

Where an answer in the nature of a cross-bill filed by a lien claimant to enforce its claim showed upon its face that the cross-plaintiff had lost its lien, the cross-bill was properly dismissed, although the motion therefor was not

made within 15 days as required by section 6 of Circuit Court Rule No. 31, since it is not such a defect as may be waived by failure to comply with said rule.

Mandamus by the L. J. Mueller Furnace Company to compel Guy E. Smith, presiding circuit judge of Wayne county, to vacate an order dismissing certain lien proceedings.   Submitted April 1, 1924.   (Calendar No. 30,827.)   Writ denied April 10, 1924.

*Henry P. Seaborg,* for plaintiff.

*Routier & Nichols,* for defendant.

McDONALD, J.   On the 9th day of September, 1922, the Anchor Pipe & Supply Company, a Michigan corporation, engaged in the wholesale plumbing supply business in the city of Detroit, filed a bill of complaint to foreclose a lien upon the property of George W. Thomas, Stella Thomas, August Thaens and Mary Thaens.   The lien grew out of the furnishing of plumbing materials in the erection of a dwelling house on the premises in question.   The L. J. Mueller Furnace Company was also a lien claimant, having filed its lien on the 19th of September, 1921.   The L. J. Mueller Furnace Company was not made a party defendant in the bill of complaint filed by the Anchor Pipe & Supply Company, though it was named as such in the summons.   On the 26th day of September, 1922, the bill of complaint was amended, making the L. J. Mueller Company a party.   On September 30, 1922, the Mueller Company filed an answer and cross-bill.   The defendants in the original bill, George W. Thomas and Stella Thomas, made a motion to dismiss the answer and cross-bill, and on the hearing the court entered an order of dismissal.   The L. J. Mueller Furnace Company wants a mandamus to have that order vacated.   The reason for the order of dis-

226—Mich.—43.

missal was that no proceedings had been taken by the L. J. Mueller Furnace Company to enforce its lien until over one year after the claim of lien had been filed.

The statute relating to the time for which mechanics' liens shall continue reads as follows:

"The several liens herein provided for shall continue for one year after such statement or account is filed in the office of the register of deeds, and no longer, unless proceedings are begun to enforce the same as hereinafter provided." * * * 3 Comp. Laws 1915, § 14804.

"Proceedings to enforce such lien shall be by bill in chancery, under oath, and notice of *lis pendens* filed for record in the office of the register of deeds, shall have the effect to continue such lien pending such proceedings. * * * And all persons holding like liens, * * * may file their intervening or cross-bills or answers claiming the benefit of cross-bills and notices of *lis pendens* therein." * * * 3 Comp. Laws 1915, § 14805.

The L. J. Mueller Furnace Company filed its claim of lien on the 19th of September, 1921. No proceedings were taken to enforce it until the filing of its cross-bill on September 30, 1922. It is thus apparent that the lien was lost by lapse of the statutory time for its enforcement, unless it can be said that the effect of the filing of the original bill by the Anchor Pipe & Supply Company on the 9th of September, 1922, was to continue other liens as well as its own. Such is the contention of the plaintiff. We think that it is without merit. The statute above quoted provides that when one party begins an action for the enforcement of his lien other lien claimants may enforce their liens in the same suit by filing cross-bills. Until they have filed their cross-bills and notices of *lis pendens* they have not begun the proceedings required by the statute for the enforcement of their liens. The bill of complaint filed in this cause was not a proceed-

ing to enforce the lien of the L. J. Mueller Furnace Company.   Its only purpose was to enforce the lien of the Anchor Pipe & Supply Company. . The notice of *lis pendens* had no reference to any other lien.   By no reasonable construction of the statute can it be said that the filing of the original bill by the Anchor Pipe & Supply Company had the effect of continuing other liens against the property.   The L. J. Mueller Furnace Company did not preserve its lien by beginning any proceedings to enforce it during the time fixed by the statute.   This fact appeared on the face of the pleadings.   It follows that the court did not err in dismissing the cross-bill.

But the plaintiff says that the court cannot entertain the motion to dismiss because it was not made within 15 days after service of the cross-bill as required by section 6 of Circuit Court Rule No. 31.   The section referred to reads as follows:

"A motion attacking a pleading must be filed and served within fifteen days after the receipt of the pleading attacked, and not afterwards.   All motions shall include all objections to the pleadings attacked and to the proceedings up to that date in the case. And all objections to pleadings or proceedings not stated in the motion shall be deemed as waived."

There are certain defects in pleadings which will be deemed to have been waived unless raised by motion to dismiss within the time limited by the rule.   Such pleadings may be amended and it is the purpose of the rule to bring about a speedy determination of the questions raised so that there will be no delay at the hearing.   Section 6 of the rule merely means that unless the motion be made within 15 days after service of the pleading the defect will be waived.   There are other defects in pleadings that are not waived by failure to file a motion within the time provided in the rule, such, for instance, as where a bill or cross-bill does not state a case.   The question raised by the

motion to dismiss in the instant case is of the latter class. The cross-bill does not state a case. It shows on its face that the cross-plaintiff has lost its lien. It cannot support a decree enforcing the lien. This objection to it is fatal at any stage of the proceeding, and while it should be raised during the time limited by Rule 31, the court will not refuse to consider it if subsequently raised. We think the circuit judge correctly disposed of the motion and that his order dismissing the cross-bill should stand.

The writ of mandamus is denied, with costs.

CLARK, C. J., and BIRD, SHARPE, MOORE, STEERE, FELLOWS, and WIEST, JJ., concurred.