SCHWARTZ v. AMERICAN PETRO-CHEMICAL CO.

1. Corporations—Visitorial Jurisdiction of Chancery Court Over Officers.

Chancery courts have visitorial jurisdiction over directors, managers and officers of corporations and may compel them to account for their official conduct or misconduct in the management of corporate funds and decree payment of money or property they may have acquired, lost or wasted (3 Comp. Laws 1929, § 15328).

2. Equity—Multifariousness.

To render a bill multifarious the different grounds of the suit must be wholly distinct from each other, and each ground stated in the bill must be sufficient in itself as a subject of equity jurisdiction.

3. SAME—MULTIFARIOUSNESS—MULTIPLICITY OF SUITS.

The objection of multifariousness in a bill may be disregarded except in plain cases, whereby the administration of justice will be furthered and multiplicity of suits avoided.

4. SAME—CORPORATION—ACCOUNTING BY OFFICERS—MULTIFARIOUSNESS.

Bill alleging that individual defendants were the original promoters and directors of defendant corporation, that they had paid themselves illegal and excessive salaries, had made excessive expenditures and grossly mismanaged the corporation's funds and affairs, and had unlawfully converted shares of stock to their own use and that one of them had failed to pay for stock for which he had subscribed, and praying decree requiring an accounting to the corporation and its stockholders, that they submit the corporate books and records for audit, that they be jointly and severally liable for all corporate funds illegally and improperly expended by them, and that a personal decree be entered against the one defendant for balance due on his stock subscription, was not multifarious (3 Comp. Laws 1929, § 15328).

5. SAME—LACHES.

Equity does not favor those who sleep on their rights.

6. SAME—MULTIFARIOUSNESS—WAIVER—LACHES.

The question of multifariousness of a bill of complaint against corporate promoters and directors was waived where defendants filed their motion to dismiss on that ground nearly four years after bill was filed, over two years after they had filed their answers, and nearly a year after the circuit court commissioner had completed the hearing and filed his report and no attempt was made to give any reason for excusing the delay (3 Comp. Laws 1929, § 14120; Court Rule No. 27, §§ 6, 8 [1933]).

7. SAME—PLEADING—MULTIFARIOUSNESS—MOTION TO DISMISS—EXTENSION OF TIME.

While the question of multifariousness in a pleading may be raised by motion to dismiss, such motion must be filed and served within 15 days after receipt of pleading attacked unless the time for such filing has been extended by the circuit court or judge for good cause shown on special motion (3 Comp. Laws 1929, § 14120; Court Rule No. 27, §§ 6, 8 [1933]).

BUSHNELL and NORTH, JJ., dissenting in part.

Appeal from Wayne; Brennan (Vincent M.), J. Submitted January 10, 1941. (Docket No. 56, Calendar No. 41,429.) Decided April 8, 1941. Rehearing denied May 21, 1941.

Bill by Maurice Schwartz, trustee in bankruptcy of American Petro-Chemical Company, against American Petro-Chemical Company, a corporation, Leo E. La Joie, Arthur S. Hinsch, Jack Mann, and others, to compel accounting of funds invested in the corporation and to restrain unlawful use of funds. Order dismissing bill on ground of multifariousness. Plaintiff appeals. Order set aside and case remanded.

*Edward A. Rich, Samuel S. Willis,* and *Beckenstein, Wisok & Maguire,* for plaintiff.

*Frank P. Neaton,* for defendants.

BOYLES, J. This bill of complaint was filed by 27 stockholders of the defendant American Petro-Chemical Company, a Michigan corporation, for and on behalf of the company, to compel defendants La Joie, Hinsch and Mann to account for funds invested in the corporation and to restrain them from further expending corporate funds except in lawful course of business. Subsequent to filing the bill of complaint, the corporation was adjudged bankrupt, Schwartz was appointed trustee in bankruptcy and substituted as party plaintiff. From an order granting a motion to dismiss the bill on the ground of multifariousness, plaintiff appeals.

The bill of complaint alleges that the defendants La Joie, Hinsch and Mann were the original promoters and directors of the company, that for the

purpose of selling stock they had obtained authority from the corporation and securities commission under certain reservations and conditions, that they had made misrepresentations of fact, and that they had violated the conditions imposed by the corporation and securities commission. It alleges that they had paid themselves salaries contrary to law, had expended excessive amounts for plant construction, salesmen's commissions, and other expenses, that they had grossly mismanaged the funds and the affairs of the company resulting in insolvency, unlawfully converted shares of stock to their own use, and that defendant Mann had failed to pay for stock subscribed for. The bill asks for a decree requiring defendants La Joie, Hinsch and Mann to account to the corporation and the stockholders, to submit the books and records of the corporation for audit, and for a decree that they are jointly and severally liable for all corporate funds illegally and improperly expended by them, and for general relief. It also asks that a personal decree be entered against defendant Mann for the balance due on his stock subscription.

The bill of complaint was filed August 19, 1936; defendants answered in October, 1937, and in March, 1938; in July, 1938, the case was referred to a circuit court commissioner to take proofs and report findings and conclusions. In December, 1939, the commissioner filed his report recommending that a decree be entered against defendants La Joie, Hinsch and Mann jointly and severally in excess of $17,000, and against defendant Mann in the sum of $6,760. Defendants filed exceptions; briefs were filed by both parties, and in April, 1940, the case was assigned for hearing; on August 7, 1940, defendants filed the motion now under consideration to dismiss the bill of complaint upon the ground that the bill

was multifarious. On August 21st the order was entered dismissing the bill on the ground of multifariousness, from which plaintiff appeals.

Chancery courts have visitorial jurisdiction over directors, managers and officers of corporations. The court may compel them to account for their official conduct or misconduct in the management of corporate funds, decree payment of money or property they may have acquired, lost or wasted (3 Comp. Laws 1929, § 15328 [Stat. Ann. § 27.2393]). In a situation parallel with the case at bar, where the defendant demurred to the bill on the ground *inter alia* of multifariousness (*Robinson* v. *DeLuxe Motor Car Co.*, 170 Mich. 163), this court said:

"The point is made that the bill is multifarious. We think the sole purpose of the bill is to reinvest the corporation with its property and assets, which it has been unlawfully deprived of by a series of wrongful acts of commission and omission, committed by the defendants Kaufman as officers and directors of the company. All of the acts for which relief is sought are for wrongs done to the corporation, and the defendants Kaufman are charged with the commission of them. We see nothing in the way of disposing of the controversy in one suit."

This court, in *Johnson* v. *Harrison*, 199 Mich. 221, in disposing of the contention that the bill was multifarious, said:

"We do not think that the bill is multifarious, as the grounds of liability all reach the same subject matter and are in no way distinct from each other, the defendants are all connected in interest and liable in the one subject. A somewhat similar case arose in West Virginia (*Arnold* v. *Knapp*, 75 W. Va. 804 [84 S. E. 895]). * * * It was there said:

" 'To render a bill multifarious the different grounds of the suit must be wholly distinct from each other, and each ground stated in the bill must be sufficient in itself as a subject of equity jurisdiction. * * * "The objection of multifariousness in a bill may be disregarded except in plain cases, whereby the administration of justice will be furthered and multiplicity of suits avoided." * * * In the case here there is no such uniting of several and distinct matters distinct in their nature, against several defendants, unconnected in interest and liability, as to properly stamp the bill multifarious.' "

See, also, *Wales* v. *Newbould,* 9 Mich. 45; *Torrent* v. *Hamilton,* 95 Mich. 159; *County of Cass* v. *Shattuck,* 288 Mich. 555.

We see no reason why the issues raised by the bill and answers cannot be decided in the final consideration of the case. The bill should not have been dismissed on the ground claimed.

Even if the motion had been well grounded, defendants must be held to have waived the question of multifariousness by failing to raise it within the proper time. Equity does not favor those who sleep on their rights. The motion to dismiss was not filed until nearly four years from the filing of the bill of complaint, over two years after defendants had filed answers, and nearly a year after the circuit court commissioner had completed the hearing and filed his report. Defendants made no attempt to give any reason for excusing this delay. While the question may be raised by motion to dismiss (3 Comp. Laws 1929, § 14120 [Stat. Ann. § 27.814]), the motion must be filed and served within 15 days after the receipt of the pleading attacked. Court Rule No. 27, § 6 (1933). The circuit court or judge, *for good cause shown on special motion after notice,* may extend the time. Court Rule No. 27, § 8 (1933). No such application for extension has been made or cause shown. See *Payne* v. *Avery,* 21 Mich. 524; *Lyon* v. *Clark,* 137 Mich. 438; *L. J. Mueller Furnace*

*Co.* v. *Wayne Circuit Judge,* 226 Mich. 672; *Maryland Casualty Co.* v. *Moon,* 231 Mich. 56.

The order dismissing the bill of complaint is set aside and the case remanded for final disposition, with costs to appellant.

SHARPE, C. J., and CHANDLER, MCALLISTER, WIEST and BUTZEL, JJ., concurred with BOYLES, J.

BUSHNELL, J. I concur because of laches.

NORTH, J., concurred with BUSHNELL, J.