PEOPLE *v.* STURGIS

1. CRIMINAL LAW — WITNESSES — CONTRADICTORY TESTIMONY — IM-
PEACHMENT.
  Testimony of the complainant, given subsequent to the testimony
  of a *res gestae* witness, was properly admitted even though
  the witnesses' testimony was contradictory where the testimony
  of the complainant had the thrust of proving the truth of
  material facts, rather than merely of impeaching the testimony
  of the *res gestae* witness.

2. CRIMINAL LAW—WITNESSES—CREDIBILITY—LACK OF MORALITY—
CROSS-EXAMINATION—DISCRETION.
  Cross-examination to discredit a witness by showing a lack of
  morality is sometimes permissible, but the extent of that ex-
  amination is within the discretion of the trial judge.

3. CRIMINAL LAW—RAPE—COMPLAINANT'S CREDIBILITY—COMPLAIN-
ANT'S SEXUAL ACTIVITIES—CROSS-EXAMINATION—DISCRETION.
  Cross-examination of the complainant in a rape trial concerning
  her prior sexual activities, for the purpose of discrediting the
  witness, is in the discretion of the trial court.

Appeal from Recorder's Court of Detroit, Donald
S. Leonard, J.   Submitted Division 1 June 14, 1971,
at Detroit.   (Docket No. 10106.)   Decided July 29,
1971.   Leave to appeal denied, 388 Mich —.

Homer Sturgis was convicted of rape.   Defendant
appeals.   Affirmed.

---

REFERENCES FOR POINTS IN HEADNOTES

[1]  58 Am Jur, Witnesses § 282 *et seq.*
[2]  58 Am Jur, Witnesses § 763.
[3]  58 Am Jur, Witnesses § 682.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Dominick R. Carnovale,* Chief, Appellate Department, and *Luvenia D. Dockett,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendant on appeal.

Before: T. M. BURNS, P. J., and HOLBROOK and McGREGOR, JJ.

PER CURIAM. Defendant was found guilty by a jury of rape.[1] On appeal, he raises numerous errors, which fall into four general categories: (1) prejudice arising out of the trial judge's conduct of the trial, (2) improper impeachment by the prosecution of its own witness, (3) improper limitations upon the defense counsel's cross-examination of the complainant, and (4) an improper charge to the jury regarding complainant's behavior prior to the rape.

A review of the record discloses no foundation for the allegation of bias on the part of the trial court. The alleged errors on the part of the trial court are so insubstantial as not to warrant any detailed discussion. It is sufficient to say that the alleged errors in no way denied defendant his right to a fair and impartial trial.

As to the alleged improper impeachment by the prosecution of its own witness, we would first note that the witness was *res gestae.* A review of the records reveals no improper use of prior extra-judicial statements by the witness; in fact, the only indication of any prior inconsistent statements is solely by inference from the nature of the prosecutor's questions. While complainant later gave testimony contrary to the testimony of this witness,

---

[1] MCLA § 750.520 (Stat Ann 1954 Rev § 28.788).

the thrust of such testimony was to prove the truth of material facts, rather than merely to impeach. See *People* v. *Lee* (1943), 307 Mich 743; *People* v. *Lamson* (1970), 22 Mich App 365.

The trial court apparently refused to allow defense counsel to cross-examine complainant as to her prior sexual activities. While cross-examination is sometimes permissible to discredit a witness by showing a lack of morality, the extent of such cross-examination is within the discretion of the trial court; such rulings will not be disturbed absent a clear showing of abuse. *People* v. *Weems* (1969), 19 Mich App 553. We cannot say that the trial court abused its discretion or that the defendant was substantially prejudiced.

Concerning the alleged improper charge to the jury, suffice it to say that there was no objection raised in the trial court, and a review of the charge as a whole reveals that no substantial prejudice has resulted.

Affirmed.