## BALDRIDGE v EASTMAN'S, INC.

1. INSURANCE—STATUTES—REFERENCE TO INSURANCE—JURY.

A statute provides that reference to available insurance coverage is not to be made by any party; intentional interjection of the subject of insurance is improper if the sole purpose is to inflame the passions of the jury so as to enhance the size of the verdict (MCLA 500.3030).

2. INSURANCE—TRIAL—REFERENCE TO INSURANCE—PREJUDICE.

Reference to insurance by two defense witnesses in a dramshop case during cross-examination in response to proper questions by plaintiff's counsel as to whom the witnesses had talked to about the matter in suit which elicited a reply that there was discussion with an insurance adjustor was not an intentional interjection of the subject of insurance, was inadvertent, and showed neither the intent to inflame the jury nor any substantial prejudice to the defendants.

3. APPEAL AND ERROR—INSTRUCTIONS TO JURY—REQUEST TO CHARGE—PRESERVING QUESTION.

Failure to object to the omission of a requested charge to the jury to reduce any award for damages under the dramshop act by the amount of a prior settlement on a common-law count and defense counsel's indication that he was satisfied with the charge as given precludes raising the question on appeal (GCR 1963, 516.2).

4. JURY—INSTRUCTIONS TO JURY—REQUEST TO CHARGE—DRAMSHOP ACT—ACTUAL DAMAGES—EXEMPLARY DAMAGES.

The court may refuse to give a requested charge to the jury which is not a full and accurate statement of the applicable law; a requested instruction that a judgment in a dramshop

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 43 Am Jur 2d, Insurance §§ 289, 290.
[3, 4] 53 Am Jur, Trial § 512.
[5] 53 Am Jur, Trial § 668.
[6] 22 Am Jur 2d, Damages §§ 366, 367.
[7] 58 Am Jur, Witnesses § 664.
[8] 58 Am Jur, Witnesses § 555.

action should be reduced by the amount of a prior settlement on a common-law count should have been refused because it was not a full and accurate statement of the law that the prior settlement could be applied against actual damages in the dramshop action but should not be applied against any exemplary damages.

5. Jury—Instructions to Jury—Evidence—Prior Settlement.

The question of failure to give a requested instruction to the jury to reduce an award for damages under the dramshop act by the amount of a prior settlement on a common-law count was not properly before the Court of Appeals where no evidence had been presented that there had been a settlement and the instruction would be meaningless in the absence of informing the jury of the prior settlement.

6. Judgment—Remittitur—Actual Damages—Exemplary Damages —Jury Function.

A remittitur against a general verdict in a dramshop action was properly refused where it was impossible to ascertain what portion of the verdict was for actual damages and what portion was for exemplary damages; any attempt to apportion the amount of damages by the court would be an improper invasion of the jury function.

7. Trial—Witnesses—Cross-Examination—Discretion.

The extent of cross-examination is a question addressed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a showing of clear abuse of discretion.

8. Trial—Witnesses—Proofs—Discretion.

Allowing a plaintiff to reopen his proofs and requiring the presence of witnesses who defense counsel had represented would be available at trial, where defense counsel had rested without calling those witnesses, was not an abuse of discretion.

Appeal from Wayne, Roland L. Olzark, J. Submitted Division 1 December 11, 1973, at Detroit. (Docket No. 16345.) Decided March 6, 1974.

Complaint by Henry C. Baldridge against Eastman's, Inc., Eastman's Gaslight Room, Wilfred H. Eastman and Beverly J. Eastman in common law and under the dramshop act for damages for injuries resulting from an assault by a third party

which occurred on defendants' business premises. The common-law count was settled. Judgment on the dramshop act count for plaintiff. Defendants appeal. Affirmed.

*Charles M. Sirhal,* for plaintiff.

*Baun, Barton & Van Tiem,* for defendants.

Before: LESINSKI, C. J., and BASHARA and VAN VALKENBURG,* JJ.

VAN VALKENBURG, J. Plaintiff, a customer at defendant restaurant, was severely injured as a result of an assault upon him by another customer of the establishment. Originally, the plaintiff filed a complaint seeking damages on two different counts, one being based on the common-law theory of unsafe premises and the other under the provisions of the dramshop act. MCLA 436.22; MSA 18.993. Prior to trial the common-law count was settled for $4000 and the parties proceeded to trial on the dramshop count. The jury returned a verdict of $25,000 in favor of plaintiff and judgment was entered in that amount against defendants. Defendants appeal raising four issues for this Court's consideration which will be treated *seriatim.*

I. *Did plaintiff's counsel improperly interject the question of insurance in the case during his cross-examination of defense witnesses?*

Plaintiff's counsel, during his cross-examination of two defense witnesses, inquired as to whom the witnesses had talked to about the affair. One of the witnesses replied that he had discussed it with "an insurance adjustor"; the other replied "You mean, like an insurance agency, or something?"

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Defense counsel moved for a mistrial on each occasion. The trial court denied both motions for mistrial but cautioned the witnesses to refrain from any further references to insurance.

Defendants now argue that plaintiff's counsel intentionally elicited the references to insurance in order "to inflame the passions of the jury so as to increase the size of the verdict". As stated in *Cacavas v Bennett,* 37 Mich App 599, 604; 194 NW2d 924, 927 (1972), *lv den* 387 Mich 767 (1972):

"By statute, reference to available insurance coverage is not to be made by any party. MCLA 500.3030; MSA 24.13030. It has been repeatedly held that it is reversible error to intentionally interject the subject of insurance if the sole purpose is to inflame the passions of the jury so as to increase the size of the verdict. See *Felice v Weinman,* 372 Mich 278; 126 NW2d 107 (1964); *Benmark v Steffen,* 374 Mich 155; 132 NW2d 48 (1965); *Cartier v Young,* 31 Mich App 151; 187 NW2d 545 (1971). On the other hand, it is not reversible error if the subject is only incidentally brought into the trial, is only casually mentioned, or is used in good faith for purposes other than to inflame the passions of the jury. *Morris v Montgomery,* 229 Mich 509; 201 NW 496 (1924); *Sutzer v Allen,* 236 Mich 1; 209 NW 918 (1926); *White v Makela,* 304 Mich 425; 8 NW2d 123 (1943); *Watroba v Detroit,* 334 Mich 182; 54 NW2d 212 (1952); *Broitman v Kohn,* 16 Mich App 400; 168 NW2d 311 (1969)."

Our review of the record convinces us that plaintiff's counsel did not intentionally interject the subject of insurance into the proceedings, but rather the references were inadvertently made by the witnesses in response to proper questions posited by plaintiff's counsel. Clearly counsel was merely attempting to ascertain whether the witnesses had made any prior statements which might be the source of impeachment testimony. As the trial court so aptly noted, the problem of the inadvertent reference could have been eliminated

if defense counsel had adequately advised his witness to refrain from making any comments with respect to insurance. Although it is always regrettable when the subject of insurance is brought before the jury, we hold that under these circumstances there was neither the intent to inflame the jury nor any substantial prejudice to defendants.

II. *Did the trial court err in failing to instruct the jury to reduce any award for dramshop damages by the amount of the prior settlement of the common-law count?*

As noted previously, plaintiff sued on two counts. Defendants were represented by different counsel on the two counts, apparently because their general premises liability and dramshop liability were underwritten by separate insurance companies. Prior to trial a settlement was reached with respect to the common-law count in the amount of $4000. Counsel for defendants on the dramshop count voiced no objection to that settlement. Trial then proceeded on the dramshop count. During the course of the trial defense counsel filed a written request to have the jury instructed as follows:

"If you find as a fact that plaintiff has in your judgment established by a preponderance of evidence, your judgment should be reduced by the sums of money which plaintiff may already have received from any other source in connection with the settlement of this suit, and that said sums should reduce the amount of Judgment by the sums which plaintiff may have already received (39 Mich App 517)."

The trial court at no time during his charge to the jury gave any instruction to the effect that the jury should reduce their judgment in this action by the amount of any settlement. At the conclusion of the charge to the jury the trial court, out of

the hearing of the jury, asked counsel if there were any additions, objections or corrections. Defense counsel indicated that he was satisfied with the charge as given.

While there is little question that defendants were entitled to have the jury instructed that the jury should credit the $4000 settlement by plaintiff and defendant on the common-law count against any "actual" damages the jury found on the dramshop count,[1] defendants herein have not properly preserved the question of the trial court's failure to so instruct for appellate review. Although defense counsel did submit a written request to charge, it is equally true that defense counsel indicated satisfaction with the charge as given. The discussion of the requests to charge apparently were not recorded, at least they have not been transcribed and made part of the record on appeal. We are thus unable to determine whether the trial court refused to give the requested charge or whether the requested charge was left out inadvertently. Under these circumstances defendants' failure to register an objection to the charge as given and, in fact, expressing satisfaction with the charge as given, precludes raising on appeal the question of the trial court's failure to instruct. GCR 1963, 516.2.

We would further note that the trial court could have, and in fact should have, refused to give the requested instruction. While the requested instruction indicated that the judgment herein should be reduced by the amount of the settlement, it is clear that the proper statement of the law is that the settlement could be applied against any "actual" damages the jury found in this dramshop action, but should not be applied against any

---

[1] *See Barton v Benedict,* 39 Mich App 517; 197 NW2d 898 (1972).

exemplary damages.[2] Since the instruction as requested was not a full and accurate statement of the applicable law, the trial court could properly refuse to give the instruction. *Westchester Fire Insurance Co v Earle,* 33 Mich 143 (1876); *Bedford v Penny,* 58 Mich 424; 25 NW 381 (1885); *Landon v Shepherd,* 353 Mich 500; 91 NW2d 844 (1958).

It is also noteworthy that upon our review of the record we have been unable to find any instance when the jury was presented with any evidence that there had been a settlement. Obviously, the instruction as requested would be meaningless absent informing the jury of the prior settlement. Again the record is silent as to any attempt on the part of defense counsel to bring the fact of the prior settlement to the attention of the jury. On the basis of this record we are forced to conclude that the question of the failure to instruct is not properly before this Court.

The trial court also properly refused to grant a remittitur in the amount of $4000 against the verdict as rendered by the jury. Since the verdict of the jury in this dramshop action could well contain substantial exemplary damages, and it is impossible to ascertain what portion of the verdict was for "actual" damages and what portion was for exemplary damages, it would not be proper to now reduce the verdict as rendered. Any attempt to apportion the amount of damages on the part of the trial court would be an improper invasion of the jury function, as it would require looking behind the general verdict brought in by the jury.

III. *Did the trial court abuse its discretion in refusing to allow defense counsel to cross-examine one of plaintiff's witnesses as to the intimacy of her personal relationship with plaintiff?*

[2] *Barton v Benedict, supra,* fn 1.

It will suffice to say that the law is well settled that the extent of cross-examination is a question addressed to the sound discretion of the trial court and will not be disturbed on appeal in the absence of a showing of clear abuse of discretion. *People v Sturgis,* 35 Mich App 380; 192 NW2d 618 (1971); *People v Glover,* 47 Mich App 454; 209 NW2d 533 (1973). The trial court allowed defense counsel to inquire as to the social contact between the witness and plaintiff, but the court refused to allow inquiry into the extent of the intimacy between the two. Since such a line of questioning was collateral to the question at bar, we cannot say that the trial court abused its discretion in thus limiting the scope of the cross-examination.

IV. *Did the trial court abuse its discretion in allowing plaintiff to call and cross-examine a hostess at defendant establishment after the defense had rested?*

Immediately after defendants rested, plaintiff's counsel brought to the attention of the trial court the fact that he had relied upon certain statements by defense counsel to the effect that certain witnesses would be available to him, but that defense counsel had rested without calling those witnesses. After a good deal of discussion as to the exact nature of defense counsel's statement regarding these witnesses, the trial court ordered the presence of the witnesses and allowed plaintiff to reopen his case. After questioning one of these witnesses, the plaintiff again rested.

While plaintiff's counsel made no formal motion to reopen proofs, it is clear that the trial court was correct in treating counsel's statements as such. Under these circumstances, and particularly in light of the fact that plaintiff's counsel was under the impression that the witnesses were going to be

called by defense counsel, we do not think that the trial court abused his discretion in allowing plaintiff to reopen his proofs and requiring the presence of the witnesses. In any event, error, if any, was harmless, since the testimony of the witness was favorable to defendants.

Affirmed. Costs to the plaintiff.

All concurred.