ROACH *v.* PETREQUIN.

1. NEGLIGENCE—AUTOMOBILES—PERSONAL INJURIES—QUESTION FOR JURY.

In an action for personal injuries to a four-year old girl, alleged to have been caused by the negligent backing of defendant's automobile into a driveway where she was playing, while there were no immediate witnesses, but the attendant circumstances were such as to permit legitimate inferences, whether she was injured as alleged in the declaration, *held*, a question for the jury.[1]

2. EVIDENCE—EXHIBITING INJURED LEG TO JURY—DISCRETION OF COURT.

In an action for personal injuries to a child consisting of a broken leg, where it is claimed that as a result thereof the leg was left in a bowed condition, permitting exhibit of the injured leg to the jury was within the discretion of the trial court.[2]

[1]Motor Vehicles, 28 Cyc. p. 47; [2]Evidence, 22 C. J. § 898.
Liability for injury caused by backing automobile, see note in 2 A. L. R. 1499.
Excessiveness of verdicts in action for personal injuries other than death, see note in L. R. A. 1915F, 30.

3. SAME—X-RAY PHOTOGRAPHS—IDENTIFICATION.

Where X-ray pictures taken of the broken leg were identified by the name of the subject written on them, and the testimony of the photographer who took them, and plaintiff's father who retained them, they were clearly admissible in evidence.[3]

4. DAMAGES—PERMANENT INJURIES—EXCESSIVE VERDICT.

A judgment of $4,000 in favor of a four-year old girl for a broken leg, which caused much pain and suffering and became permanently bowed as a result thereof, cannot be said to be excessive.[4]

Error to Wayne; Webster (Arthur), J. Submitted January 7, 1926. (Docket No. 51.) Decided April 30, 1926.

Case by Margaret Roach, an infant, by her next friend, against Fred D. Petrequin for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

*Frederick J. Ward*, for appellant.

*Frank J. Riggs* (*Lodge & Brown*, of counsel), for appellee.

BIRD, C. J. Plaintiff had judgment against defendant in the Wayne circuit court for $4,000 in a personal injury case. Defendant assigns several reasons why the judgment should be vacated. Plaintiff is a little miss, four years of age. On the morning of the accident she was playing in the driveway leading from the street to the rear of the house. At the same time defendant's delivery wagon was on the opposite side of the street in charge of a servant. The driver desired to turn around, so he backed up into the driveway where plaintiff was playing. In so doing, he ran against plaintiff and over her left leg and broke it.

---

[3]Evidence, 22 C. J. § 1118; [4]Damages, 17 C. J. § 438.

1. Defendant insisted, after plaintiff's case was submitted, that he was entitled to a directed verdict, because no negligence of defendant had been shown. The proofs disclose that just prior to the accident the mother saw the child in the driveway going toward the highway, and very soon thereafter she heard her scream. She at once started to learn the cause when she met the driver bringing plaintiff into the house in his arms. No one appears to have seen the accident just at the moment it happened, but plaintiff surrounds it with circumstances which persuasively point in one direction. The driver denied that his car was in the driveway. A neighbor who was on her front porch saw the rear wheels of the car in the driveway immediately following the accident, but did not see the accident. Another witness who was in the Roach dwelling corroborated this testimony. It was also in proof that the driver came back into the driveway very fast, 15 or 20 miles an hour. These and other circumstances shown were ample, if believed by the jury, to authorize them to conclude that plaintiff was injured by reason of the careless operation of the car by the driver.

2. There was little trouble in reducing the fracture, but the portions of the bone of the leg which were affected would not stay in position. The limb was set three times. Finally it was kept in position by means of a silver plate and a weight, which kept plaintiff's leg suspended for some time while she was in bed. She was in the hospital for several weeks, and it is claimed that the result of this treatment left her leg bowed. Her counsel asked permission to exhibit the injured leg to the jury, and it was granted. Defendant's counsel contend this was error. It was a matter which was within the discretion of the trial court, and we can see no abuse of that discretion.

*Langworthy* v. *Township of Green*, 95 Mich. 93; *Barfoot* v. *White Star Line*, 170 Mich. 349.

3. X-ray pictures of the fracture were taken by a photographer and were admitted in evidence, but counsel argue that this was error because the plates were not properly identified.   The name "Roach" was written on the plates.   The testimony of the operator who took them, and of the father who retained them, clearly put this question beyond the domain of doubt.

4. The verdict of the jury was in the sum of $5,000. Upon motion for a new trial the court reduced it to $4,000.   Counsel complain that it is still excessive. We do not feel that we should interfere with the verdict as reduced by the trial court, on the ground that it is excessive.   The proofs show that the child suffered much on account of the injury, and the doctor testified the present deformity would be permanent.

We think none of the remaining assignments merit a discussion.

The judgment is affirmed.

SHARPE, SNOW, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.