KORSTANGE *v.* KROEZE.

1. MOTOR VEHICLES — NEGLIGENCE — CONTRIBUTORY NEGLIGENCE — QUESTION OF FACT.

In pedestrian's action for personal injuries caused by being run down by truck, evidence *held,* to present issue of fact on question of plaintiff's contributory negligence.

2. SAME—BLINDED BY LIGHTS—DUTY TO LESSEN SPEED—RANGE OF VISION—STATUTES.

Driver of truck blinded by lights of approaching car, so that he had no assured clear distance ahead, was guilty of negligence in not lessening speed of truck and regulating control thereof so as to be in command of sudden emergency (1 Comp. Laws 1929, § 4697).

---

On driving automobile at speed which prevents stopping within length of vision as negligence, see annotation in 58 A. L. R. 1493; 62 A. L. R. 1528.

As to liability for injury to pedestrian struck by automobile while walking along street, as affected by speed, see annotation in 67 A. L. R. 109.

On fact that driver of automobile is blinded by glare of light as affecting liability for automobile accident, see annotation in 10 A. L. R. 294; 32 A. L. R. 887; 41 A. L. R. 1040; 62 A. L. R. 1531.

3. SAME—DIMMED LIGHTS—ASSURED CLEAR DISTANCE AHEAD—STAT-
   UTES.

   If truck's lights were so dimmed that they did not accord suffi-
   cient light to render clearly discernible person in roadway 75
   feet ahead, under normal atmospheric conditions, then driver
   was driving without having assured clear distance ahead, in
   violation of 1 Comp. Laws 1929, § 4738.

4. SAME—PEDESTRIAN'S RIGHT TO WALK ON PAVEMENT.

   Pedestrian has legal right to walk on any part of pavement,
   exercising, however, care of reasonably prudent person for
   his own protection and preservation from danger from passing
   vehicles.

5. SAME—CONTRIBUTORY NEGLIGENCE—INSTRUCTIONS.

   Where, in action for personal injuries caused to pedestrian by
   truck, defendants claimed that plaintiff walked directly into
   side of truck, trial judge properly instructed jury that if he
   did so he would be guilty of contributory negligence, and
   would not be entitled to recover.

6. SAME—TRIAL—INSTRUCTIONS—APPEAL AND ERROR.

   That instruction in regard to question of plaintiff's contributory
   negligence was not given until court's attention had been
   called to omission, at conclusion of charge, *held*, not error;
   defendants having benefit of last word on subject.

Appeal from Kent; Perkins (Willis B.), J.  Sub-
mitted October 19, 1932.  (Docket No. 135, Calendar
No. 36,765.)  Decided January 3, 1933.

Case by James Korstange against Jacob H.
Kroeze and another, doing business as J. H. Kroeze
& Son, and another for personal injuries alleged to
have been due to defendant's negligence in the driv-
ing of a truck.  Verdict and judgment for plaintiff.
Defendants appeal.  Affirmed.

*Linsey, Shivel & Phelps* (*John H. Vanderwal,* of
counsel), for plaintiff.

*Rodgers & Dunn,* for defendants.

WIEST, J.   The morning of August 14, 1931, at about four o'clock and dark, plaintiff was walking easterly along a 40-foot paved highway, and, he claims, about three feet from the southerly edge thereof, when defendants' truck, going in the same direction, ran him down and injured him.   He brought this suit, and, upon trial by jury, had verdict and judgment.   Defendants review by appeal.

Plaintiff was walking down hill, having just come over its crest.   The defendants' truck came over the crest of the hill at a speed of 25 miles per hour and the driver dimmed the lights on account of approaching trucks also with lights dimmed.   Just before he was struck, plaintiff looked back and claims he saw no car coming.   It is contended that the court should have found plaintiff guilty of contributory negli- gence as a matter of law.   The court instructed the jury that if plaintiff looked:

"as he says he did and the car was in the range of his vision and you so find, it was his duty to see the car and take precaution for his own safety accordingly.   Just where it was when he looked back and saw no approaching car, does not clearly appear from the evidence.   But if you find he was in a position where his range of vision as he looked back took in an oncoming car or should have taken in the oncoming car, that fact, if you find it to be a fact, is a circumstance which you are to consider on the subject of plaintiff's contributory negligence, if any. For I instruct you that the law is that a man is in law bound to see what the facts in the case indicate could have been seen if he looked.   *   *   *

"It is for you as members of the jury to determine, under all of the circumstances of this case, whether the plaintiff was using ordinary care for his own safety as he was walking easterly on this highway."

Under the evidence the question of plaintiff's contributory negligence was an issue of fact, and the court was not in error in so holding. The driver of defendant's car testified that he did not see plaintiff until within 15 or 20 feet of him. If the driver was blinded by lights of the approaching trucks then he had no assured clear distance ahead, and was guilty of negligence in not lessening the speed of the car and regulating control thereof so as to be in command of sudden emergency. 1 Comp. Laws 1929, § 4697; *Gleason* v. *Lowe,* 232 Mich. 300; *Ruth* v. *Vroom,* 245 Mich. 88 (62 A. L. R. 1528). If he had lights and they were dimmed to meet the approaching trucks, and so did not accord him sufficient light to render clearly discernible a person in the roadway 75 feet ahead under normal atmospheric conditions, then he was not driving within the range of lights required by law and was driving without an assured clear distance ahead, in violation of 1 Comp. Laws 1929, § 4738; *Spencer* v. *Taylor,* 219 Mich. 110; *Lett* v. *Summerfield & Hecht,* 239 Mich. 699; *Clark* v. *Lawrence Baking Co.,* 240 Mich. 352.

No statute required plaintiff to walk upon any particular part of the pavement, and he had a legal right to walk on any part thereof, exercising, however, the care of a reasonably prudent man for his own protection and preservation. The court so instructed the jury, and was not in error in doing so. The claim of the driver relative to acts of plaintiff when the car was practically upon him presented a question of fact for the jury. Upon this subject the court instructed the jury:

"That is the claim of the defendant, that the plaintiff, as this truck approached him and was about to pass, walked directly into the side of the truck and

that that was a negligent act on his part and would defeat his right of recovery in this case.  *  *  *

"If the plaintiff negligently walked into the side of this truck, as the defendants claim he did, as they were passing him, that would be contributory negligence and he would not be entitled to recover."

Counsel for defendants complain because this instruction was not given until the court's attention had been called to the omission and then at the conclusion of the charge. We find no error in giving the defendants the benefit of the last word on the subject.

An examination of the record discloses no reversible error, and the judgment is affirmed, with costs to plaintiff.

McDonald, C. J., and Clark, Potter, Sharpe, North, Fead, and Butzel, JJ., concurred.