### TIO *v.* MOLTER.

1. MOTOR VEHICLES—NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—DIRECTED VERDICT.

   In action by pedestrian for injuries received when he was struck by defendant's automobile, trial court was in error in holding that plaintiff was free from contributory negligence, where there was evidence to sustain defendant's theory that plaintiff turned to his left and stepped immediately in front of automobile at point of accident.

2. SAME.

   If pedestrian stepped in front of automobile, it could not be held as matter of law that he was free from contributory negligence and that driver of automobile was guilty of negligence.

3. SAME.

   Pedestrian about to cross pavement is bound to use care that an ordinarily prudent person would under like circumstances, in regard to making observation as to approaching vehicles.

4. SAME—QUESTION FOR JURY.

    In pedestrian's action against driver of automobile, evidence *held,* to present issue of fact on questions of driver's negligence and plaintiff's contributory negligence.

Appeal from Berrien; White (Charles E.), J. Submitted January 11, 1933. (Docket No. 110, Calendar No. 37,006.) Decided April 4, 1933.

Case by Frank Tio against Jacob Molter for personal injuries received when struck by defendant's automobile. Verdict and judgment for plaintiff. Defendant appeals. ˙ Reversed, and new trial granted.

*John J. Sterling (Webster Sterling,* of counsel), for plaintiff.

*Gore & Harvey,* for defendant.

NORTH, J. This suit arises from an automobile accident in which plaintiff was struck and injured by an automobile owned by defendant. On trial by jury, plaintiff had verdict and judgment. Defendant has appealed. The questions presented are whether the trial judge was in error in holding as a matter of law that defendant was guilty of negligence and plaintiff was free from contributory negligence; and also whether the verdict of the jury was against the great weight of evidence on the issue of plaintiff having executed a valid release.

Plaintiff, a man 73 years of age, resided in the village of Millburg. The main thoroughfare is the Territorial road, which extends in an easterly and westerly direction through the village. The paved surface is 30 feet in width, with a dirt shoulder on the southerly side. A north and south road, herein

called the Watervliet road, intersects the main highway. About 14 or 16 rods westerly from this intersection, and on the southerly side of the main thoroughfare, is a pool room which plaintiff visited on the evening of the accident. He left this pool room at approximately nine o'clock and started to walk to his home, which was northerly from the intersection of these two highways. Plaintiff claims that he started easterly from the pool room walking along the dirt shoulder six or seven feet from the southerly edge of the pavement, and when about half way to the intersection of the highways he was knocked down by defendant's automobile and seriously injured. Defendant's son George, who was about 15 years of age, was driving the machine at the time. The street was lighted by ordinary electric bulbs of 75 to 100 watts each. One of these was located at the intersection of the highways and another somewhat westerly from the point of accident.

Defendant's son testified that previous to the accident he had had experience in driving automobiles over a period of five or six years, and that the model T Ford involved in this accident at the time was in good condition as to brakes and lights. Starting near the pool room, defendant's son claims that he drove in an easterly direction on the southerly half of the paved portion of the main street, planning to turn in a northerly direction at the intersection with the Watervliet road; that the lights on his machine were burning, and that he was proceeding at a speed of about 10 miles per hour, watching ahead, and all of a sudden he heard a bump, stopped the automobile immediately, backed up six or eight feet, and saw a man lying on the pavement in front of his car. Upon getting out of the automobile he found that the injured man was Mr. Tio. The driver of the

automobile testified that notwithstanding he was watching ahead, he saw no one in the path of his car before the accident. No warning was given by the approaching automobile. At least four people who were in the immediate vicinity of the place of the accident were almost instantly upon the scene. All of these people, as well as defendant's son, testified that immediately following the accident plaintiff was lying on the paved portion of. the road three to five feet north of the southerly edge of the pavement. He was unconscious, his head was lying to the east, his feet six or eight feet from the automobile standing on the pavement. At the time of the accident the pavement was dry and seems to have been free from other traffic. Plaintiff claimed he was struck while walking south of the pavement on the dirt shoulder; but defendant claimed plaintiff was struck while on the pavement.

With the record substantially as indicated above, the court at the conclusion of the proofs instructed the jury that defendant was guilty of negligence as a matter of law. The court's position on this phase of the case appears from the following extract from the charge to the jury:

"Now, from a legal standpoint, as to the liability of the defendant, I don't think it makes any difference, for this reason, if the driver of the car did leave the pavement he was guilty of negligence in so doing. If, on the other hand, he struck the plaintiff while the plaintiff was walking along the paved portion of the highway, then in that event the defendant or driver of defendant's car was negligent in not seeing the plaintiff, because the law provides that one driving an automobile must at all times have it under such control that he can stop it within the range of his vision."

At the close of the proofs defendant's counsel moved for a directed verdict on the ground that there was no proof of negligence chargeable to defendant, and because "the evidence in the case conclusively establishes the fact that plaintiff himself was guilty of contributory negligence." Neither the question of defendant's negligence nor plaintiff's contributory negligence was submitted to the jury. The court determined each of these issues as a matter of law in favor of plaintiff.

There was a direct conflict in the testimony as to the facts and circumstances under which this accident happened. The jury could not determine the issue of defendant's negligence or of plaintiff's contributory negligence without determining from the testimony the circumstances under which plaintiff was injured. If, as claimed by plaintiff, he was struck while walking along the dirt shoulder some six or seven feet from the southerly edge of the pavement, the facts which constituted defendant's negligence of necessity were very different than they must have been if plaintiff was upon the pavement when struck, as the defendant claims, and as the testimony offered in his behalf quite convincingly indicated. Likewise, the question as to whether plaintiff was guilty of contributory negligence would be very different in the one instance than in the other. At the time of arguing the motion for a directed verdict, the following colloquy occurred between the court and plaintiff's counsel:

"*The Court:* * * * suppose the jury finds against him (plaintiff) on that point, and finds he was walking on the pavement, wasn't it the duty of the driver of the car to see him and have his car under such control—

"*Mr. Harvey:* I am not sure he was on the pavement.

"*The Court:* He must have been walking on the pavement according to your theory.

"*Mr. Harvey:* He could have stepped onto the pavement.

"*The Court:* No evidence that he did. * * *

"*Mr. Harvey:* Suppose he stepped suddenly in front of that car?

"*The Court:* I cannot conclude that. The evidence is that—

"*Mr. Harvey:* You cannot conclude that he didn't.

"*The Court:* Yes, he was there and he was struck by this car. I think I will have to charge the jury upon that question and leave the sole question of whether or not he (plaintiff) intelligently entered into that agreement (the release) at that time.

"*Mr. Harvey:* I think that will be gross error if the court does."

It is plain from the above that defendant's counsel was urging upon the court the necessity of submitting to the jury as a question of fact whether or not from the testimony as a whole it did not appear that plaintiff had turned to his left to cross the pavement in a northerly direction and in doing so had unexpectedly stepped in front of the approaching automobile. We think the trial court was in error in holding there was no testimony tending to sustain this theory of the accident. The driver of defendant's car testified that the lights were in first-class condition and that he was looking straight ahead as he approached the point of accident and that he saw no one on the pavement. Even plaintiff testified he was not upon the pavement. But there is ample proof to justify the conclusion that plaintiff was upon the pavement when he was struck by the automobile. If the jury believed the driver's testimony, almost of necessity it would have found that the

reason the driver of the car did not see any one ahead of it as he approached the point of the accident was because the injured person stepped upon the pavement at the point of the accident immediately in front of the automobile. If the accident happened in this manner, it could not be held as a matter of law that the driver of the automobile was guilty of negligence or that plaintiff was free from contributory negligence. The law is well settled that under such circumstances the plaintiff would have been guilty of contributory negligence if he attempted to cross the pavement without making any observation as to approaching vehicles. He was bound to use the care that an ordinarily prudent person would have used under like circumstances. *Neeb* v. *Jacobson,* 245 Mich. 678; *Billingsley* v. *Gulick,* 252 Mich. 235. Assuming that plaintiff was walking in an easterly direction upon the southerly part of the paved portion of the highway, which he had a right to do, he was bound to exercise reasonable care for his own safety.

"Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety." *People* v. *Campbell* (syllabus), 237 Mich. 424.

"One traveling along or crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question." 5-6 Huddy Encyclopedia of Auto Law (9th Ed.), § 84, citing many cases.

"A pedestrian, equally with the operator of an automobile, has the right to be on and to use the

traveled part of the highway, and is not restricted to crossings at street intersections or sidewalks, but may proceed along the street.   *   *   *   (But) one who uses the roadway for sidewalk purposes without taking any precautions for his own safety though he can see the lights of an automobile which strike him long before it reaches him, is guilty of contributory negligence barring recovery for the injury received.'' 2 Blashfield Cyclopedia of Auto Law, chap. 49, § 20, citing *Willis* v. *Harby,* 159 App. Div. 94 (144 N. Y. Supp. 154.)

The judgment entered must be reversed on the ground that the record presented an issue of fact for the jury on the question of the negligence of the driver of the automobile and also the question of plaintiff's contributory negligence.

Appellant's contention that the verdict of the jury as to the validity of the receipt or release executed by appellee was against the great weight of evidence is without merit.

The judgment entered in the circuit court is set aside, and the case remanded for retrial. Costs to appellant.

McDonald, C. J., and Clark, Potter, Sharpe, Fead, Wiest, and Butzel, JJ., concurred.