HAKKERS v. HANSEN.

1. EVIDENCE—AUTOMOBILE SKID MARKS—TIME—ADMISSION—DISCRE-
TION OF COURT.
  Exclusion of testimony as to existence and location of skid
  marks, based on observations made 1-1/2 to 2-1/2 hours after
  the accident on prominent city street, because too remote and
  not then connected with defendants' automobile *held*, not er-
  ror, where plaintiff made no effort to connect them, the ad-
  mission of such evidence being largely within the discretion
  of the trial judge.

2. SAME—CONCLUSIONS OF WITNESSES—AUTOMOBILE FENDER.
  It was not error for trial court to exclude testimony concerning
  conclusions of witnesses drawn from appearance of fender
  that plaintiff had been brushed over his fender as he was
  hit by defendants' car, especially where some conclusions were
  expressed by some witnesses before the jury despite objec-
  tions and rulings by the court.

3. AUTOMOBILES—PEDESTRIANS—OBSERVATION—INSTRUCTION.
  Plaintiff who claimed he was struck by defendants' car as he
  was about to enter the left side of his own car parked at
  the right curb after he had finished wiping his windshield was
  not entitled to an instruction that as a matter of law he had
  no duty to look back for approach of vehicles coming from
  behind him.

4. HIGHWAYS AND STREETS—PEDESTRIANS—AUTOMOBILES.
  Pedestrians in a public highway have a right to assume that
  the driver of an automobile will use ordinary care for their

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5 Am Jur, Automobiles § 633.
[1] Testimony as to tire tracks or other marks on pavement or road-
  way apparently made by motor vehicle. 92 ALR 475.
[3, 4] 5 Am Jur, Automobiles §§ 446 *et seq.*, 458.
[3, 4] Duty of pedestrian crossing street or highway as regards for
  automobiles. 79 ALR 1073.

protection, but they may not rest content on that assumption and take no care for their own safety.

5. TRIAL—REQUESTS TO CHARGE.

    A trial court need not give a request to charge which is not an accurate statement of the law on a particular issue.

6. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—QUESTION FOR TRIER OF FACTS.

    Verdict of no cause for action was not against the great weight of the evidence in pedestrian's action for injuries sustained, where plaintiff's testimony was in part based on estimates as to his location when struck, whereas defendants' direct testimony, which included testimony of a disinterested witness, was that plaintiff crossed street in front of defendants' car immediately before being struck instead of being alongside his own car parked at right curb.

Appeal from Superior Court of Grand Rapids; Taylor (Thaddeus), J. Submitted June 9, 1953. (Docket No. 35, Calendar No. 45,793.) Decided October 5, 1953.

Case by Floor C. Hakkers against Ellis W. Hansen and another for injuries sustained when he was struck by defendants' automobile. Verdict and judgment for defendants. Plaintiff appeals. Affirmed.

*Irving H. Smith,* for plaintiff.

*Alexander, Cholette, Buchanan, Perkins & Conklin (Edward D. Wells,* of counsel), for defendants.

DETHMERS, C. J. Plaintiff appeals from judgment entered on a jury verdict of no cause for action in his suit for damages resulting from personal injuries sustained when he was struck by an automobile operated and owned by defendants, respectively.

Chief factual dispute relates to point of impact and to what plaintiff had been doing just before he was struck. Plaintiff says that he had been stand-

ing along the left side and facing the front of his automobile, parked at the right curb, removing moisture from its windshield and side mirror, and that as he was moving back to open the door and to enter it he was struck by defendants' automobile approaching from his rear. Defendants say that plaintiff was crossing the street and stepped in front of their automobile just before the collision. Bearing on that disputed point, plaintiff contends that skid marks on the pavement and the appearance of the left front fender of his car, across which he claims to have been thrown, tend to support his version. One of plaintiff's witnesses testified concerning the existence and location of the skid marks before defendant objected. Plaintiff assigns as error the trial court's subsequent exclusion of further testimony of that character based on observations made 1–1/2 to 2–1/2 hours after the accident on a prominent city street. Defendants objected to the proffer because too remote and also stated that their objection would continue unless the marks were first connected up with defendants' automobile. Plaintiff made no effort thereafter to so connect them. The court did not err in sustaining the objection. Among the cases relied upon by plaintiff in this connection are *Wallace* v. *Kramer,* 296 Mich 680; *People* v. *Ryczek,* 224 Mich 106; and *Pearce* v. *Rodell,* 283 Mich 19. *Wallace* supports the view that admissibility of such evidence rests largely within the discretion of the trial judge. In that case this Court held it was not error to admit photographs of skid marks taken 12 days after the accident for the reason that such marks, shown on the pictures, were identified by witnesses, including 1 eyewitness to the collision, as being those made by defendant's automobile and observed and measured by them immediately after the accident. In *Ryczek* and in *Pearce* there was testimony, noted in the opinions of this Court, ex-

cluding the possibility that automobile tracks appearing on dirt roads at the scenes of the accidents could have been made by other vehicles than those of the defendants. This is typical of the cases in which we have held free from error the admission of such evidence over objection, because there was testimony in each of them connecting the tracks or marks with the automobile in question. That it is not error to exclude such testimony when not so connected seems inherent in the meaning of *Billingsley* v. *Gulick,* 252 Mich 235. In that case the accident happened at night. This Court commented on testimony by a witness, who visited the scene early the next morning, to the effect that then there had been a pool of blood on the gravel at the side of the pavement and also a deep impression in the gravel extending for about 30 feet therefrom and that certain articles were located at specified places off the pavement. We held it error to receive "the testimony of the finding and location of articles, without affirmative proof that there. had been no change of position after the accident."

Insofar as testimony about the appearance of the fender in question is concerned, the court sustained objections only to witnesses testifying concerning their conclusions drawn from such appearance that plaintiff had been brushed over his fender. They were not prevented from, nor limited in, testifying to the fender's appearance. Despite the objections and rulings of the court, even the mentioned conclusions were expressed by some of the witnesses before the jury. There is no basis for plaintiff's claim of error in this regard.

Plaintiff next assigns error for failure to give requests to charge. Unfortunately, he fails to specify which of his requests the court erroneously failed to give. He contends that the court should have charged that as he stood alongside his parked auto-

mobile he was under no duty to look back to see defendants' approaching automobile traveling in a lane where it normally had a right to be, citing such cases as *Kirl* v. *Zinner,* 274 Mich 331; *Graham* v. *Evening Press Company,* 135 Mich 298; *Tio* v. *Molter,* 262 Mich 655. These and similar cases hold that under the circumstances presented therein, when plaintiff is traveling on a street or highway in a place where he has a right to be, his failure to look back for the approach of vehicles coming from behind him does not render him guilty of contributory negligence as a matter of law, but the question of his negligence is one of fact for the jury. The difference is obvious between that rule and the one, in effect, contended for by plaintiff, namely, that, as a matter of law, he had no duty to look back. A charge of that tenor, if requested, would have been erroneous. For a statement of plaintiff's duty in that regard, see *Paquette* v. *Consumers Power Co.,* 316 Mich 501.

Again, without referring to specific requests to charge, plaintiff complains, in general, that the court erred in failing to instruct the jury that the plaintiff had a right to rely on assumptions that defendants would obey the law in certain respects, operate their automobile carefully, and avoid striking plaintiff. The requests made by plaintiff which most nearly approach requesting such instructions are not correct statements of the law because, in each instance, they state it but partially. As said in syllabus of *People* v. *Campbell,* 237 Mich 424, quoted by plaintiff in this connection, "Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety." To the same effect see other cases, cited by plaintiff, such as *Korstange* v. *Kroeze,* 261 Mich 298; *Pearce* v. *Rodell, supra;* and *Warwick* v. *Blackney,* 272 Mich 231. Plaintiff's re-

quests, at best, state the first half of the rule, relating to the rights of pedestrians, but neglect the last half concerning their duties. The two go hand in hand. A charge expressing the former without the latter would be incomplete and incorrect. See *Pearce v. Rodell, supra,* for an approved charge on this subject. In *Elias* v. *Hess,* 327 Mich 323, 328, this Court said, "A trial court need not give a request to charge which is not an accurate statement of the law on a particular issue." So held, also, in *Moss* v. *Shreve,* 278 Mich 665. No error.

Finally, plaintiff claims that the court erred in refusing to grant a new trial on the ground that the judgment and verdict are against the great weight of the evidence. In this connection plaintiff's arguments again are addressed to what the proofs show in relation to the question of where plaintiff was when he was struck and what he had been doing immediately before. Plaintiff testified in accord with his version. Defendant driver and a passenger in his automobile testified in support of defendants' claim. A disinterested witness gave testimony which, coupled with some of plaintiff's own testimony, tended to support the defense on this point. Counsel points to particulars in the testimony of defendant driver and his witnesses, which he claims support plaintiff's contention. These consist of estimates of such witnesses concerning distances from the center line of the pavement and from the curb at which plaintiff was at given stages and when struck. Plaintiff, in effect, contends that such estimates should override the direct testimony of those same witnesses that plaintiff was crossing the street in front of defendants' automobile and was not standing alongside his own automobile immediately before the collision, and that a verdict apparently not in accord with that contention must be held to be

against the great weight of the evidence. We do not agree.

Affirmed, with costs to defendants.

ADAMS, BUTZEL, CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.