LANDON v. SHEPHERD.

1. AUTOMOBILES—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety and must exercise that degree of care a reasonable, prudent person would use under the same or similar circumstances.

2. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE—EVIDENCE.

Whether or not plaintiff who had alighted on the street side of his car and was closing the left door window when struck by defendant's car then being backed up was guilty of contributory negligence was properly left to jury, where evidence that defendant "gunned" his car and backed it rapidly was such that a reasonable person in plaintiff's position might infer plaintiff had an obligation to look and see if the car was coming in his direction and protect himself.

3. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—QUESTION FOR JURY—EVIDENCE.

The issue of a plaintiff's contributory negligence should be submitted to a jury, where the evidence is such that the minds of reasonable men might differ as to whether his conduct was that of a prudent man under the circumstances.

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 5A Am Jur, Automobiles and Highway Traffic § 746.
[2] 5A Am Jur, Automobiles and Highway Traffic § 752.
[3] 38 Am Jur, Negligence § 348.
[4] 5A Am Jur, Automobiles and Highway Traffic § 1097.

4. SAME—PEDESTRIANS—CONTRIBUTORY NEGLIGENCE.

It was not error for trial court to fail to give a request to charge relative to plaintiff pedestrian's rights in street where he had just alighted from his car but which did not include a full, complete, and accurate statement of the pertinent law in that there was an omission to state what were plaintiff's duties as to self-protection, since a trial court need not give a request to charge which is not an accurate statement of the law on a particular issue.

5. AUTOMOBILES—PEDESTRIANS—NEW TRIAL.

Trial court's denial of plaintiff pedestrian's motion for a new trial in action against motorist *held*, not error under record presented.

Appeal from Genesee; Gadola (Paul V.), J. Submitted June 23, 1958. (Docket No. 60, Calendar No. 47,179.) Decided September 9, 1958.

Case by Morley E. Landon against George H. Shepherd for personal injuries and property damage sustained when struck by automobile after alighting from his parked vehicle. Verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Blackney & Cameron,* for plaintiff.

*Chester R. Schwesinger,* for defendant.

KAVANAGH, J. Plaintiff, a resident of the township of Flint, Genesee county, Michigan, brought an action in the circuit court for that county to recover for personal injuries received by him on July 31, 1954, while standing at the left side of his Chevrolet automobile, which was parked in a regularly provided parking space on the east side of Harrison street, a public highway in the city of Flint, said parking space being directly north of the intersection of said Harrison street with East Second street.

It is. alleged that as plaintiff was standing on the left side of his automobile, closing the window in the left door thereof, defendant carelessly and negligently, and without due observation, attempted to back his automobile into the parking space already occupied by plaintiff's automobile, and, in doing so, the automobile of defendant struck the door of plaintiff's automobile, catching plaintiff's hand between the door and doorpost thereof, painfully injuring plaintiff, and damaging plaintiff's automobile. Plaintiff alleges that this negligence of defendant was the proximate cause of the accident and that plaintiff was free from any contributory negligence.*

The testimony of plaintiff was to the extent that he saw an automobile back out of a parking space in front of the Detroit and Northern Savings & Loan Association, and when the automobile had backed out he pulled in; that it was the first parking space north of the corner on the east side of Harrison street; that approximately 15 feet ahead of him was defendant's double-parked automobile, roughly from 3 to 4 feet from the automobiles that were parked along the curb and parallel to the parked cars; that defendant's car was just standing there when plaintiff pulled into the parking space; that plaintiff's wife got out of the automobile on the curb side and he got out on the street side; that he had his door partly open, and had reached inside to roll the glass up when defendant backed his automobile into the door of plaintiff's automobile. Plaintiff further testified that defendant was backing at the rate of approximately 3 to 5 miles per hour; that he did not observe the car backing up until his wife, who was standing on the curb on the opposite side, shouted "look out;" that he looked up at that

---

* It is to be noted that this case was tried in the lower court prior to the adoption of section 3a of a Court Rule No 23 by this Court, effective June 1, 1958.

moment and defendant's car was right on him. Testimony of plaintiff's wife was substantially the same.

Defendant testified that he had taken his wife downtown shopping on this Saturday morning and had let his wife out on Harrison street just south of the intersection where the accident occurred, and drove across the intersection waiting for this parking space. He observed that a lady in an automobile was backing out of a parking space so he drove by her in order to back into the parking space. He testified that he could not stop behind her because he would have blocked traffic on the other cross street. He pulled a car length beyond her so that she would have enough room to get out, and about 2 feet in front of him, when he came to a stop waiting for the lady to leave the parking space, was a postal truck. He testified further that the lady backed out and went north on Harrison street past him; that plaintiff's automobile pulled immediately into the parking space she had vacated; that he saw he couldn't go forward any more because of the postal truck; that he gestured to plaintiff that he was waiting for the parking space; that he then looked in his automobile mirror and plaintiff was not in sight; that he looked to his left to see if there was any moving traffic going north, and then backed up, and, in so doing, backed into the door of plaintiff's automobile. He testified that he did not see plaintiff get out of the automobile.

The case was submitted to a jury, and the jury returned a verdict of no cause for action. Plaintiff then filed a motion for new trial, which the trial court denied.

Plaintiff appeals to this Court, contending 4 things: (1) The question of contributory negligence was not properly presented to the jury as an issue of fact in absence of dispute of facts. (2) The verdict of the jury was against the preponderance

of the evidence. (3) The trial court erred in refusing to instruct the jury as requested by plaintiff. (4) The trial court erred in denying plaintiff's motion for a new trial.

Plaintiff, in arguing that the question of contributory negligence was not properly presented to the jury as an issue of fact in absence of dispute of facts, relies upon several cases, all of which are distinguishable from the instant case.

*Jenkins* v. *Bentley,* 277 Mich 81, was an action brought for injuries to an 11-year-old boy, who, when injured, was leaning against a tree located 27 inches from the curb of the street. The accident happened while the driver of the truck, when turning around in the street, had backed part way, stopped, cramped his front wheels as if to proceed forward, and then suddenly, with a jerk, backed against the boy. Here the boy had no legal obligation to anticipate that defendants' driver would suddenly back the rear of the truck over the curb.

In the *Jenkins Case* the case was tried before a court without a jury. The Court there clearly held as a matter of fact, not of law, that the plaintiff was not guilty of contributory negligence.

In the case of *Kinsler* v. *Simpson,* 257 Mich 7, relied upon by plaintiff, the contention was that there was no negligence established for which defendants were responsible. The Court held that there was evidence from which the trial judge could, as a matter of fact, not law, find defendants negligent.

The third case relied upon by plaintiff is that of *Roach* v. *Petrequin,* 234 Mich 551. Plaintiff in that case, Margaret Roach, brought the action by her next friend. She was a 4-year-old child. No question of contributory negligence was involved.

Plaintiff further lies upon *Marth* v. *Lambert,* 290 Mich 557, 565, stressing 3 quotations therefrom.

The first from 5–6 Huddy, Law of Automobiles (5th ed), § 471, pp 593, 594, as follows:

"When one is standing in the street in a place where he has a right to be, or is walking along the highway, he can properly assume that the driver of a motor vehicle will not run him down, but will avoid contact with him. And he may also assume that the driver of an approaching machine will give a signal of warning so that an accident may be avoided." (See 5–6 Huddy, Encyclopedia of Automobile Law [9th ed], § 79, pp 132, 133.)

The second, a quote by Justice EDWARD M. SHARPE from *Tio* v. *Molter,* 262 Mich 655, 661, as follows:

"Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection."

The third, a further quote by Justice SHARPE from *Pearce* v. *Rodell,* 283 Mich 19, 34, 35, as follows:

"A pedestrian has a right to rely upon the presumption the driver of an automobile will exercise due care and is not, as a matter of law, required to look back for approaching vehicles."

The above quotations were in support of the contention of Justice SHARPE that after plaintiff alighted from his car to examine the gasoline tank, he then stood in the same relationship to traffic as any other pedestrian. These quotations were not in support of a position that in so doing such an individual had no obligation to exercise reasonable care under the particular circumstances.

In the case of *Tio* v. *Molter, supra,* at p 661, Justice NORTH said:

"Assuming that plaintiff was walking in an easterly direction upon the southerly part of the paved portion of the highway, which he had a right to

do, he was bound to exercise reasonable care for his own safety."

The statement used by plaintiff in this case from *Tio* v. *Molter, supra,* was taken from *People* v. *Campbell* (syllabus), 237 Mich 424, and reads in full as follows:

"Pedestrians in a public highway have a right to assume that the driver of an automobile will use ordinary care for their protection, but they may not rest content on that assumption and take no care for their own safety."

Justice North, in the *Tio* v. *Molter Case, supra,* p 661, quoted 5-6 Huddy, Encyclopedia Of Automobile Law (9th ed), § 84, p 146, as follows:

" 'One traveling along or crossing a street or highway is not necessarily required to look back for the approach of vehicles; if struck by an auto coming behind him, his negligence presents a jury question.' "

In the case of *Hakkers* v. *Hansen,* 337 Mich 620, 623, 624, Chief Justice Dethmers, in discussing a request to charge, said:

"Plaintiff next assigns error for failure to give requests to charge. Unfortunately, he fails to specify which of his requests the court erroneously failed to give. He contends that the court should have charged that as he stood alongside his parked automobile he was under no duty to look back to see defendants' approaching automobile traveling in a lane where it normally had a right to be, citing such cases as *Kirl* v. *Zinner,* 274 Mich 331; *Graham* v. *Evening Press Company,* 135 Mich 298; *Tio* v. *Molter,* 262 Mich 655. These and similar cases hold that under the circumstances presented therein, when plaintiff is traveling on a street or highway in a place where he has a right to be, his failure to look back for the approach of vehicles coming from

behind him does not render him guilty of contributory negligence as a matter of law, but the question of his negligence is one of fact for the jury. The difference is obvious between that rule and the one, in effect, contended for by plaintiff, namely, that, as a matter of law, he had no duty to look back. A charge of that tenor, if requested, would have been erroneous."

Plaintiff in this case has only partially quoted the statements of law involved. *Korstange* v. *Kroeze,* 261 Mich 298; *Pearce* v. *Rodell, supra;* and *Warwick* v. *Blackney,* 272 Mich 231, contain a full and correct statement of the law in this regard, to the effect that while pedestrians have a right to assume that the driver of an automobile will use ordinary care for their protection, they may not rest content on that assumption and take no care for their own safety, but must exercise that degree of care that a reasonable, prudent person would use under the same or similar circumstances.

It would appear that there was testimony from which the jury might find that reasonable men would differ as to whether plaintiff's failure to look after alighting from his car until such time as defendant's automobile was on top of him was the exercise of reasonable care under the circumstances, particularly in view of the fact that plaintiff testified as follows:

"He did not start slowly and accelerate, but as I remember it, he gunned it at a very rapid and vicious pace."

If plaintiff heard defendant gunning his automobile, backing it at a rapid and vicious pace, reasonable people might infer that he had an obligation to look and see if the car was coming in his direction and protect himself.

It would appear that there was a question of fact which was properly submitted to the jury.

Were plaintiff's actions those of an ordinary careful and prudent man under like circumstances? Can the minds of reasonable men differ in answering this question? If so, the evidence should have been submitted to the jury. *Detroit & Milwaukee R. Co.* v. *Van Steinburg,* 17 Mich 99; *Adams* v. *Canfield,* 263 Mich 666; *Davis* v. *New York Central R. Co.,* 348 Mich 262.

The other 3 questions raised by plaintiff in his brief, we think, have been answered in connection with the first proposition. However, as to the third question that the trial court erred in refusing to instruct the jury as requested by plaintiff, a reading of the complete charge seems to indicate that it is a fair and reasonable one and contains all of the elements necessary to present the theory of both plaintiff's and defendant's case and to properly inform the jury of their duties and the law applicable to the matter.

The charge requested by plaintiff that he was not guilty of contributory negligence in alighting from the left side of his automobile, that he could do so in safety, and that he was not bound to anticipate the possibility of defendant backing his automobile into the automobile of plaintiff, was not a proper request to charge in that it did not contain a full, complete, and accurate statement of the law, but only a partial statement of law, stating the first half of the rule relating to the rights of plaintiff under the circumstances, but neglecting the last half concerning plaintiff's duties. The charge of the trial court appears to have fairly presented both portions of the duties of plaintiff. A trial court need not give a request to charge which is not an accurate statement of the law on a particular issue. *Moss* v. *Shreve,* 278 Mich 665; *Elias* v. *Hess,* 327 Mich 323.

It would appear that there was no error in neglecting to instruct the jury as requested by plaintiff.

The lower court properly denied plaintiff's motion for a new trial.

Affirmed. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.