### WILHELM v. SKIFFINGTON.

1. AUTOMOBILES—PEDESTRIANS—PLACE OF ACCIDENT—EVIDENCE.
Testimony of police officer as to his observation of tire tracks at a place that vehicular traffic was not allowed, made a few minutes after plaintiff pedestrian was injured by defendant's car, was admissible under record otherwise showing a connection between such tracks and place of collision, hence, exclusion of policeman's testimony was prejudicial error, where the establishment of the place of collision was crucial to the question of negligence and contributory negligence and other testimony relative thereto was in sharp conflict.

2. APPEAL AND ERROR—QUESTIONS REVIEWABLE—NEW TRIAL.
Assignments of error as to whether verdict for defendant motorist was against the overwhelming weight of the evidence, error in the instructions as to contributory negligence of plaintiff pedestrian, and failure to direct verdict for plaintiff on issue of defendant's negligence are not discussed, where new trial is granted for erroneous exclusion of admissible testimony.

Appeal from Wayne; Fitzgerald (Neal), J. Submitted April 5, 1960. (Docket No. 13, Calendar No. 48,202.) Decided June 7, 1960.

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 5A Am Jur, Automobiles and Highway Traffic § 964.
Admissibility of evidence as to the tracks or marks on or near highway. 23 ALR2d 112.
[2] 3 Am Jur, Appeal and Error §§ 1152, 1158.

Case. by Gertrude Wilhelm against Florence M. Skiffington and Alfred J. Skiffington, Jr., for personal injuries sustained when struck by automobile. Verdict and judgment for defendants. Plaintiff appeals. Reversed and new trial granted.

*Honigman, Miller & Schwartz (Jason L. Honigman, Daniel M. Honigman, and David K. Page, of* counsel), for plaintiff.

*Cary, BeGole & Martin (Lawrence A. Bohall, of* counsel), for defendants.

DETHMERS, C. J.   Plaintiff appeals from verdict and judgment of no cause for action in her suit for damages sustained when struck by the automobile owned by defendant husband and driven by defendant wife, hereinafter called the defendant.

Plaintiff was walking on a sidewalk, on the south side of a city street, headed east toward a north and south intersecting street.   She testified that while she was still in the middle of the sidewalk and when she had reached a point about 6 to 8 feet west from the corner, she heard screaming, turned her head to the left, saw defendant's automobile "coming at an angle right up over the sidewalk", "just ready to hit" her, and that she "didn't have a chance to do anything" before she was struck by the automobile, and "being tumbled around."

Two witnesses, not acquaintances of plaintiff, who were meeting her, walking in the opposite direction, confirmed plaintiff's testimony as to how and where the collision occurred.   They testified that they saw the automobile come up onto the sidewalk with all 4 wheels, one said she tried to press to the left and hurried ahead as rapidly as possible to avoid being struck, they both screamed, attracting plaintiff's attention, the latter looked back over her left shoulder,

and immediately they saw her struck from the rear by the automobile while she was on the sidewalk at the point testified to by plaintiff, as above stated.

A few minutes after the accident a police officer arrived at the scene and found plaintiff lying in the west curb lane of the north and south street about 30 feet south of the intersection. At trial, he began to testify about tire tracks leading over the curb at the southwest corner of the intersection, at the location of the accident. Defense counsel objected and asked that the testimony "be stricken until there is some positive showing or identification of the car with those tire marks". The court responded, "He has to connect these tire marks with this car." The officer replied, "I can't though." The court thereupon ordered the testimony about the tire marks stricken.

The tracks concerning which the officer undertook to testify were not on the portion of the street where cars might properly travel, but up on the sidewalk reserved for pedestrians, where defendant's car had no right to be. Defendant denied that her automobile got up on the walk, except for the right rear wheel which she admitted cut over the curb as she turned right at the corner. She also denied that the collision had occurred where plaintiff and the 2 eyewitnesses said it had, contending that it happened further east, off the sidewalk, in the intersection of the 2 streets. Location of the collision, as may readily be seen, was crucial to the question of negligence and contributory negligence. Hence, exclusion of the evidence, if erroneous, was also prejudicial.

The day and pavement were dry. There was no showing that other cars had been travelling up over the sidewalk at that time or place. The testimony that the defendant's car did travel on the walk, at the point where plaintiff and 2 witnesses testify that

she was struck and where vehicular traffic was not allowed and did not otherwise travel, afforded a sufficient basis and connecting link between the tire tracks and defendant's car to render admissible testimony concerning tracks observed on the walk at that same point a few minutes after the accident. *People* v. *Ryczek,* 224 Mich 106; *Pearce* v. *Rodell,* 283 Mich 19.

In *Ryczek* testimony as to tracks in a dirt road where vehicles had a right to be, near the scene of the accident, observed 24 hours later, was held admissible by this Court, apparently because there was testimony that no other automobile tracks had been over that part of the road, though there were some wagon tracks, and because there was no showing of such change in the *locus in quo* as to make the testimony inadmissible. In *Pearce* testimony as to automobile tracks and footprints, off the pavement, in the dirt near a ditch at the point where plaintiff pedestrian was struck, observed the day after the accident, was held admissible in plaintiff's suit against defendant automobile driver, again, as in *Ryczek,* apparently because there were no other automobile tracks there and no proofs to indicate a change in the *locus in quo* to make the testimony as to tracks inadmissible. The case for admissibility, at bar, of testimony about tracks observed a few minutes after the accident, at a place where vehicles did not and might not travel, seems infinitely stronger than in either *Ryczek* or *Pearce.* Clearly there had been no change here in the *locus in quo.* Defendant relies on *Hakkers* v. *Hansen,* 337 Mich 620, in which it was held not error for the court to exclude testimony of observation of tire marks made 1-1/2 to 2-1/2 hours after the accident "on a prominent city street", on the ground that they were not sufficiently connected with defendant's car. In so holding we pointed out, with respect to the necessity

for such connecting of the tracks to defendant's car, that (pp 622, 623):

"In *Ryczek* and in *Pearce* there was testimony, noted in the opinions of this Court, excluding the possibility that automobile tracks appearing on dirt roads at the scenes of the accidents could have been made by other vehicles than those of the defendants. This is typical of the cases in which we have held free from error the admission of such evidence over objection, because there was testimony in each of them connecting the tracks or marks with the automobile in question."

Certainly there is testimony here "excluding the possibility that automobile tracks * * * could have been made by other vehicles than * * * defendant's."

Exclusion of the testimony in this case constituted reversible error.

Because a new trial is necessary for the reason just considered, we need not pass on plaintiff's contention that the verdict was against the overwhelming weight of the evidence. As for plaintiff's claims of error in the court's instructions in submission of the issue of plaintiff's contributory negligence to the jury and failure to direct a verdict for plaintiff on the issue of defendant's negligence, a new trial being granted, we do not assume what proofs will be adduced at second trial which would, of course, afford the basis for determination of appropriate instructions then on those questions. Hence, we need not discuss those assignments of error now.

Reversed, with new trial. Costs of this appeal to plaintiff.

CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.